Hall v. The Nashville & Chattanooga Rail Road Company.

NATHAN HALL v. The Nashville & Chattanooga Rail Road Company.

### PARENT AND CHILD.

1. A parent cannot recover damages for the death of his child.

SAME. *Personal represntative.*

2. An action for damages sustained in the death of another does not lie at common law, and is given by statute only to the personal representative of the deceased person for the benefit of his widow and next of kin. Code 2291, 2292, from the Act of 1851, ch. 17.

MERGER OF CIVIL REMEDY IN FELONY. *Said.*

3. Upon the authority of Ballew v. Alexander, 6 Humph. 433,

Hall v. The Nashville & Chattanooga Rail Road Company.

that the doctrine that the civil remedy is merged in a felony has never prevailed in this State.

WRIGHT J. delivered the opinion of the Court:

This was an action on the case, to recover damages for the loss of the life of David Hall he being under the age of twenty-one years and the son and servant of the plaintiff, in consequence of the carelessness, negligence, unskilfulness and default of the defendant's servants and agents, by means whereof, the plaintiff was deprived of the assistance, services, society and comfort of his said son and servant.

A demurrer was filed to the declaration and sustained by the criminal court, and the question is, whether this judgment can be maintained.

Numerous instances are to be found in the common law books of actions by masters for personal injuries to servants; whether caused by actual battery, or by negligent driving, or by a ferocious dog; and in one case, a man recovered damages in an action against a person for negligently entrusting a loaded gun to a mulatto girl, who discharged it against the plaintiff's son and servant. These cases depend entirely upon the loss of service. It is in this form of action that a parent usually proceeds to recover damages for injuries sustained by his children, through the wrongful acts of the defendant, for in such cases a parent cannot generally recover damages for his wounded feelings, but only for the loss of service he has sustained. Smith's Master and servant, 84, 85. But no case to which we have access, in the English books, seems to have gone so far as to afford the parent a remedy in the case of the instantaneous death of the child by the wrong doer. In Hig-

gins v. Butcher, Yelv. 89, it is said, "if a man beat the servant of J. S., so that he dies of the battery, the master shall not have an action against the other for the battery, and loss of the service; because the servant dying of the extremity of the battery, it is now become an offence to the crown, being converted into a felony, and that drowns the particular offence and private wrong offered to the master before, and his action is thereby lost."

But this doctrine that the civil remedy is merged in the felony has never prevailed in this State, (Ballew v. Alexander, 9, Hump. 433,) and we apprehend, in the English law could never have been the true reason, or at least the only one, for refusing the action in such a case; since in many instances, and the case now under consideration is an example,—the killing was not felonious, and there was therefore no felony in which the private injury could merge. Besides, at most, the redress by civil action was only postponed until after the conviction, or acquittal of the defendant for the felony. Notes to Higgins, vs. Butcher, Yelv. 89. Crosby vs. Long, 12 East, 409. Accordingly we find it adjudged, in Baker vs. Bolten and others, 1 Camp. 493, that the death of a human being is not the ground of an action for damages. In that case the plaintiff brought an action against the proprietor of a stage coach, which was overturned, while he and his wife were travelling in it, whereby he was much bruised, and his wife so severely hurt that she died about a month after. The declaration alleged, besides other special damages, that by means of the premises, the plaintiff had wholly lost and been deprived of the comfort, fellowship and assistance of his said wife and had from thence suffered and undergone great grief, vexation and anguish of mind. Lord Ellenborough held,

that the jury could take into consideration only the bruises which the plaintiff had sustained, and the loss of his wife's society, and the distress of mind he had suffered on her account, from the time of the accident, to the time of her death. And he announced the principle of his decision, in these words : "In a civil Court the death of an individual cannot be complained of as an injury."

The same principles are found in a great many other common law authorities. The cause of action for the injury to the person of the son in this case unassisted by any Statute, died with the person, and though the plaintff did not by that event, lose any separate and independent cause of action to which he was entitled for the loss of the services of his child, yet here the death being instantaneous, he had no claim to anything anterior thereto, and all further title to services ceased and determined with the death. And it seems to make no difference whether the death be the result of natural causes, or the consequences of the injury which gives rise to the action.

We are not aware of any decision, upon this question in our State. But in the case of Eden vs. The Lexington and Franklin Railroad Company, determined by the Court of Appeals of Kentucky (14, Monroe, 204) it was held upon common law principles, that a similar action could not be maintained (3) So also in Massachusetts, in two cases : Carey & Wife vs. The Berkshire Railroad Company, (2)

(1) In that case a husband sued for damages on account of the death of his wife.

(2) Where it was held that a wife could not maintain an action for the death of her husband.

(3) Where it was held that a father could not sustain an action for the loss of service of his child, by death.

and Skinner vs. The Housatonic Railroad Corporation I, b. 1 Cushing's R. 475. In this latter case it was held, that an action cannot be maintained by a father to recover damages for the loss of his child in consequence of the death of the child, occasioned by the carelessness or fault of the agents or servants of a Railroad Corporation. And it is worthy of remark, that in neither of these States does the rule that the civil remedy is merged in the felony exist. It is true, that in New York, in an action on the case, for negligently running over and killing the plaintiff's son, a lad of ten years of age, the judge charged that the plaintiff was entitled to recover such sum by way of damages, as they should be of opinion the services of child would have been worth, until he become twenty-one years of age. The case was carried up, but no question seems to have been distinctly made as to the correctness of this direction.—Ford vs. Monroe, 20 Wend. 210.

But in a later case in the same State, where the plaintiff's infant child died within an hour and a half after the injury, Bronson Ch. J. in delivering the opinion of the Court of Appeals, said, " I have a strong impression that the father could recover nothing on account of the injury to the child beyond the physician's bill and funeral expenses," but the point was not decided.—Pack vs. The Mayor &c., of the City of New York, 3 Comstock 489. And in a still later case, Lucas vs. N. Y. Central Railway, 21 Barb 345, an authority which I have not seen, but which is cited in a note to Redfield on Railways 339, it would seem that the doctrine in Wendell had been entirely overthrown. (4)

(4) Decided in that case that a husband cannot maintain an action for an injury to his wife where the effect was her instantaneous death. See to the same, Green v. the Hudson river R. R Co., 28 Barb, 9 ; Morley v. Cin. and Han. & Day. Railway, 1 Handy, 481.

Hall v. The Nashville & Chattanooga Rail Road Company.

There can then, as we think, be no question, that upon common law principles this action must fail. The common law doctrine has in our State been recently changed by Statute, so that the right of action, which a person who dies from injuries received from another whose death is caused by the wrongful act, or omission of another, would have had against the wrong doer, in case death had not ensued, shall not abate, or be extinguished by his death, but shall pass to his personal representatives for the benefit of his widow and next of kin. Code, sections 2291 and 2292.—These sections were taken from the act of 1851, ch. 17. A similar change has taken place in the English law by a late act of Parliament, 9 & 10 Vic., ch. 93.

But this alternation in our law, can be of no service to the plaintiff, since he is not the personal representative of the deceased son, and does not sue in that character, but in a wholly different right and for a different purpose. (5)

The judgment of the Circuit Court sustaining the demurrer, was therefore correct, and is affirmed.

*Judgment Affirmed.*

(5) The damages recoverable at the suit of the personal representative are for what was incurred or suffered while the person lived. If the killing be absolutely instantaneous, no damages can be recovered. The killing of a man is not of itself the cause of a civil action. Plowman v. Foster, 6 Cold. 45, 52. See the case of McMahon v. Mayor &c. of New York, 33, N. Y. Rep. 642, where a father, as administrator, recovered damages, under a statute similar to ours for the death of his infant son, eleven years old. In that case the killing was instantaneous; but no point seems to have been made on that ground. It was also held that to entitle the administrator to recover, it is not necessary that the deceased should leave behind him a "widow and next of kin," citing Oldfield v. the New York & Harlem R. R. Co., 14 N. Y. 310; Quin v. Moore, 15 Id. 432; Tilley v. Hudson R. R. Co. 24 Id. 471; Campbell, Da 's and Potter J. J., for reversal.