1. EXECUTORS AND ADMINISTRATORS (§ 115*)—ACCOUNTING—CHARGES—INDIVIDUAL TRANSACTIONS.

On the judicial settlement of the account of an executor, the surrogate has no power to decree that the executor return to the estate the salary received by him as an officer of a corporation in which the estate was merely a stockholder.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 467, 468; Dec. Dig. § 115.*]

2. EXECUTORS AND ADMINISTRATORS (§ 115*)—ACCOUNTING—CHARGES.

An objection to an executor's accounts claiming the return by him to the estate of salary received by him as officer of a corporation in which the estate was a stockholder, based on the assumption that the corporation in which the estate held stock was the estate and was treated as such, must be overruled, on the ground that the executor's' services as a corporate officer were not performed within his function either as executor or as trustee; and the salary should not be returned to the estate, because it was not taken therefrom.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 467, 468; Dec. Dig. § 115.*]

3. EXECUTORS AND ADMINISTRATORS (§ 115*)—ACCOUNTING—CHARGES.

An objection, on the settlement of an executor's account, to his retention of a dividend on his personal stock in a corporation in which the estate held stock, while assenting to the repayment of the dividend in which the estate was interested, must be overruled.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 467, 468; Dec. Dig. § 115.*]

Judicial settlement of the account of Lilla Brown and another, as executors and trustees of John W. Brown. Decree entered.

Michael F. McGoldrick, of Brooklyn, and Walter W. Westall, of New York City, for accounting executor, Edward V. Slauson.

Wingate & Cullen, of New York City (Conrad Saxe Keyes and T. Ellett Hodgskins, both of New York City, of counsel), for contestant A. Alexander Brown.

Richards Mott Cahoone, of Brooklyn, special guardian for Lilla Hind and Alberta Wheeler, infants, contesting.

KETCHAM, S. [1, 2] The contestants claim that the accountant should "return" to the estate the salary which he has received from a corporation in which he held office, and in which the estate held stock. This argument rests primarily upon the assumption, which the contestants plainly state, that the corporation involved was the estate, and was treated as such. But the corporation was a separate entity. The executors did not own it; nor as such executors did they or either of them conduct it. Their only relation to such corporation was that of stockholder.

Two cases are cited to support the demand that the accountant return the salaries.

In Matter of Froelich, 122 App. Div. 440, 107 N. Y. Supp. 173, the business which the executor continued belonged to the decedent per-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sonally, and itself was a part of the estate. There was no intervention of a corporation in which the estate held stock. The will created a trust to take charge of the decedent's business and to continue the same, and expressly provided for the trustee's compensation in addition to his commissions. The claim of the accounting trustee for a salary in addition to the testamentary provision was denied, upon grounds and precedents wholly inappropriate to a case where the executor has been paid by a corporation, and not by the estate, for services rendered to the corporation, and not to the estate.

The case is ample authority for a recompense to the executor for a service, even though it were rendered to the estate, if it were performed outside the duties imposed upon him in his capacity as executor or trustee. It surely cannot be cited to support inquiry on an accounting in this court with respect to a payment to an executor for his services, when they were rendered outside of his executorial capacity; they were not rendered to the estate, and the payment was not made by the estate.

In Matter of Popp, 123 App. Div. 2, 107 N. Y. Supp. 277, the business of the testator was continued under a direction in the will, but without any provision for extra compensation. It was there said:

"If he [the executor] be allowed compensation out of the estate of the deceased other than that fixed by statute, it cannot be for services in his office, but only for something he has done apart from and entirely outside of his office; i. e., as an individual, and not as an executor or administrator."

The expression quoted had nothing to do with any compensation, unless it is payable out of the estate. The case has only to do with services to the estate. The court concedes the propriety, in a proper case, of compensation to the executor "for something he has done apart from and entirely outside of his office," but it takes no thought of a service done for an individual, whether natural or corporate, when such individual is separable from the estate itself.

The objection is overruled, upon the sole ground that the services in question were not performed within the accountant's function either as executor or as trustee; and that the salaries cannot be returned to the estate, because they were not taken from the estate.

It is not forgotten that the law, though obliged to recognize corporations as individual entities, may, upon just occasion, look through the corporate personality if it be found to be a mere mask, and may work equity without regard to the forms in which the parties appear; but the mere statement of this resource of the law intimates that it cannot be availed of in this proceeding. Where the relief prayed for would necessarily dispose of an interest or controversy in which a corporation would be even formally concerned, it could only be awarded in a court having equitable jurisdiction adequate to the case, and not then unless in a proceeding in which the corporation was impleaded.

It is no answer that this court may have recently been endowed with equitable faculties to "affect the accounting party with a constructive trust" (Code Civ. Proc., § 2472a, added by Laws 1910, c. 576); for, if such faculties were available, the conceivable trust would legally

concern the corporation from which the salaries were received, and the surrogate, however his powers may have been broadened by the section cited, cannot affect the accountant with a duty which was presumptively owing to a person not a party before him.

In Matter of Schaefer, 65 App. Div. 378, 73 N. Y. Supp. 57, the executors had received certain money from the corporation in which their estate was a stockholder. The only question there considered was whether this money belonged to the estate of the decedent; and the opinion declared that this question depended upon whether the money "was as a fact received by the appellants as a portion of the estate, or as the income or profits of the interest of the estate in the stock of the brewing company."

In that case the court recognized the possibility that the conduct of the accountants might create a grievance in behalf of the corporation from which the money was received, and in this respect the opinion proceeded:

"To entitle the surrogate to charge these executors with money thus received by them there must be competent legal evidence to show that such money actually belonged to the estate of which they were executors, either as money or the proceeds of property belonging to the estate, or as income or profits of the property vested in them as such executors."

And the court added, in words which are adapted to the present case:

"The services that they [the executors] performed for the corporation were entirely distinct from their executorial duties as representing this estate. It is quite clear that they would not be responsible to the estate for their acts as officers of the corporation in any proceeding that could be instituted before the surrogate. While a court of equity would, under certain circumstances, have power to hold them to account at the suit of a stockholder, the surrogate had no jurisdiction of such a cause of action. His jurisdiction would be limited to a determination of the question as to what assets of the estate had come into the hands of the executors, for which upon an accounting they were properly chargeable. The question as to whether or not these appellants had abused their power as directors and officers of the corporation in voting to themselves extra compensation to which they were not entitled, or in distributing the property or assets of the corporation improperly, cannot be determined in this proceeding."

While the case last cited arose before the enactment of section 2472a of the Code of Civil Procedure in 1910, all that is said therein is applicable to the present discussion; for it still remains that the surrogate can only determine "the question as to what assets have come into the hands of the executors [whether legally or in the course of a constructive trust], for which upon the accounting they are properly chargeable," and it must be true, without the need of authority, that the only assets for which upon an accounting in any court any executor can be properly chargeable must be assets which belong beneficially to some party already in the proceeding. Hence, if the surrogate has full power to impose a constructive trust upon the accountant, he is still helpless to consider a trust which is primarily, if not absolutely, for the benefit of a party over whose person he cannot obtain jurisdiction.

The accounting executor personally owned 503 shares of the stock of the Federal Brewing Company at a time when the Long Island Brewery, a corporation, held 2,035 shares of the Federal Brewing Company's stock. It is charged that in the sale of his own stock and in the sale of the stock owned by the Long Island Brewery the accountant subordinated the interests of the estate to his own, and therein dealt unfairly and selfishly with the subject of his trust. The only relation which the estate held to these transactions in the stock of the Federal Brewing Company was that it was a stockholder in the Long Island Brewery. If any injury was sustained by anybody at the hands of the accountant by reason of his conduct touching these sales of the stock of the Federal Brewing Company, it was the Long Island Brewery. To say that the Long Island Brewery was the only person concerned if the accountant failed in duty in these transactions is no mere nicety. It is a reality, the sober recognition of which is imperative if we are not to lapse into legal delirium. The only cause of action or grievance, legal or equitable, which could arise if it were found that the accountant had abused his relations of trust to secure a personal advantage in the transactions above described would be a cause of action or grievance of the Long Island Brewery, whose own property had been sacrificed to the accountant's gain.

The court must still be mindful, as it was with respect to the payment to the accountant of salary as an officer of the corporation, that in an appropriate proceeding in a proper forum the truth and its necessary decretal results must be sought for, without regard to corporate or individual forms; but for reasons assigned supra no redress for the wrong which was suffered by the Long Island Brewery, if by anybody, can be administered by any court, however boundless its jurisdiction over the subject-matter, unless it also have jurisdiction of the person of the Long Island Brewery. To give to the estate a judgment against the accountant for a sum which might be said to represent the loss on the sale of the stock which the Long Island Brewery owned would be to determine the rights of the brewery without its prayer for relief or its opportunity to exhibit its rights or measure its damages, and then to extinguish all its claims by awarding its damages to another.

[3] The same considerations dispose of the objection that the accountant retained a certain dividend upon his personal stock, while assenting to the repayment of the dividend in which the estate was interested. In this respect, whatever the accountant did with his own dividends produced a result which legally concerned only the corporation upon whose stock the dividend was paid and the other company which held as its own part of the dividend-paying stock. The only relation of the estate to the dividend transaction was that of stockholder.

A careful review of the brief for the contestant shows that all the items of objection come within the foregoing discussion, and should be overruled. The account will be settled accordingly.

Decreed accordingly.