In the Matter of the Compulsory Accounting of MARK A. HANNA, CARL H. HANNA and DANIEL R. HANNA, JR., as Executors under the Last Will and Testament of DANIEL R. HANNA, Deceased.

Surrogate's Court, Westchester County, December, 1923.

**Surrogate's Court — rejected claim — accounting — time when right to jury trial should be determined — executors and administrators.**

When a claim against a decedent's estate after due presentation and filing has been rejected by the executors and no action thereon has been commenced in the Supreme Court pursuant to section 211 of the Surrogate's Court Act, the question of the right to a jury trial of the claim can only be tried and determined when all parties interested in the estate are properly before the court in a proceeding for the judicial settlement of the accounts of the executors.

A compulsory accounting proceeding neither contemplates the trial of issues nor any controverted question of fact, but looks only to an order directing the filing of the account to ascertain if there be any surplus distributable to creditors or persons interested.

The " controverted question of fact " mentioned in section 68 of the Surrogate's Court Act relates to the issue upon the rejected claim and not to the contention between the parties as to the constitutional right of a trial by jury of the claim, and a motion for an order directing a jury trial of the claim as matter of right in a compulsory accounting proceeding, pending pursuant to sections 259 and 260 of the Surrogate's Court Act, in which no " controverted question of fact " is raised by an order formulating the issue, will be denied, but whenever the proceeding is advanced sufficiently to bring in all parties interested in the estate upon a " judicial settlement," *i. e.,* when the matter is on the calendar on the return of the citation, the court will entertain a motion for the direction of a jury trial.

· COMPULSORY ACCOUNTING, motion for direction of jury trial upon rejected claim.

*John B. Johnston* (*Charles F. Dalton,* of counsel), for petitioner.

*Arthur R. Wilcox,* for executors.

SLATER, S.   The matter involved relates to the time when the question of *right* of jury trial in this court upon a claim shall be determined by the court.   Because there are two pending appeals

from orders, and another motion is made seeking the same relief, the court feels it should state its reasons for denying similar motions, and for like action upon the instant motion.

A claim was presented to the executors, by one Jane Avis Evans, and a verified proof of claim was filed in this office December 15, 1922. On January 13, 1923, the claim was rejected by the executors. This raised an issue of fact as to the *merits* of the claim. Action was not commenced in the Supreme Court pursuant to the provisions of section 211 of the Surrogate's Court Act, and in consequence said claim may now only " *be tried and determined upon the judicial settlement* " of the executors. On February 27, 1923, a demand for a jury trial was filed in the surrogate's office.

On March 8, 1923, the said Jane Avis Evans, creditor, filed a petition praying for the direction of a jury trial of her claim. The application was not made in a proceeding for a judicial settlement. Apparently the claimant confused the *demand* for, with the *right* to a jury trial. In consequence the court dismissed the petition.

On March 28, 1923, the said creditor commenced a proceeding for a compulsory judicial settlement of the account of the executors. Citation issued the same day directed to the executors of said decedent returnable April 20, 1923. This raised the controverted question of fact concerning claimant's right to compel an accounting. On April 2, 1923, the said creditor made a motion in the proceeding and asked for an order directing that the issue of fact arising out of the claim be tried by a jury. By order dated April 9, 1923, the court denied the motion as prematurely made.

In the same compulsory accounting proceeding, a supplemental citation was issued September 17, 1923, citing the executors of said decedent who were without the state, and service was made upon the clerk of the Surrogate's Court.

On October 16, 1923, another motion was made by said creditor in the same accounting proceeding, asking that the court direct a jury trial to hear the issue of the claim. On October 19, 1923, the court again denied the motion as prematurely made and the order was resettled on October 30, 1923.

Two notices of appeal to the Appellate Division, dated April 19, 1923, and October 30, 1923, from the said orders are on file.

On November 23, 1923, an order was entered in the compulsory accounting settlement proceeding, directing that an account be filed on or before December 15, 1923. Upon the filing of the account, the controverted question of fact will be over the disputed claim, and not over the proceeding.

On November 16, 1923, the said persistent creditor made the instant motion asking for an order directing a jury trial pursuant

to section 68 of the Surrogate's Court Act. The matter came on to be heard upon this latter motion and decision was reserved.

The trial by jury in the Surrogate's Court is provided by sections 67 and 68 of the Surrogate's Court Act. Section 67 says that " whenever in any proceeding in the Surrogate's Court the *order or decree of the court will determine any issue of fact* as to which any party *has a right of trial by jury* in any court, such trial shall be deemed to be waived unless said party personally, or through his attorney, guardian, committee, or special guardian, *appears and seasonably demands the same.*"

Section 68 says: " In any proceeding in which any *controverted* question of fact arises ' of which any *party has constitutional right of trial by jury* * * * *the surrogate must make an order directing the trial by jury of such controverted question of fact,* if any party appearing in such proceeding *seasonably demands the same,*' and in any proceeding in which any controverted question of fact arises of which any party has, or has not, constitutional right of trial by jury, the surrogate *may* in his discretion make such order without such demand."

There is a vast difference between the *demand* for a jury trial and the *constitutional right* of trial by jury. The question is not now before the court, and I am not deciding, whether the *demand* for jury trial is in season, or unseasonable. *Matter of Wetteran,* 104 Misc. Rep. 691; *Matter of Potter,* 94 id. 12; *Matter of Woodward,* 105 id. 446; affd., 188 App. Div. 888; *Alfred University* v. *Frace,* 193 id. 279, 282; *Matter of Steele,* N. Y. L. J. July 17, 1920, Cohalan, S.; *Matter of Crook,* 197 N. Y. Supp. 237. We are now considering the question which relates to when the right to a jury trial shall be heard and determined.

The court dismissed the former motions because the determination of the constitutional *right* to jury trial was insisted upon too soon in the proceeding, and at a time when the necessary parties to a judicial settlement were not before the court. The executors contend that the creditor is not entitled to a jury trial as a matter of right.

At the present time in the instant proceeding, there is no controverted question of fact raised by an order formulating the issue. The instant motion for an order directing a jury trial is a motion made within the compulsory judicial settlement proceeding now pending pursuant to sections 259 and 260 of the Surrogate's Court Act. A compulsory accounting proceeding does not contemplate the trial of issues, or any controverted question of fact, but only looks to an order directing the filing of an account to ascertain if there is any surplus distributable to creditors, or persons interested.

If there is such a surplus, then the surrogate may proceed further and issue a supplemental citation, *directed to the persons who must be cited upon the petition for a judicial settlement of the account.* This citation may be taken out by the petitioner in the compulsory accounting proceeding, nor does such a pending proceeding preclude the executor from presenting his petition as prescribed in section 261 of the Surrogate's Court Act, and if this latter is done, then the two proceedings must be consolidated. When this stage is reached all proper and necessary parties must be brought before the court by supplemental citation (Surrogate's Court Act, §§ 262, 263), resulting in a decree. Surrogate's Court Act, § 267. The controverted question of fact on the claim can only arise by force of the judicial settlement upon an account which should indicate that the executors have rejected the claim of the creditor in the compulsory accounting proceeding. Upon the return of the citation, the question of the *right* of the petitioning creditor to have a jury trial may be heard and determined. *Matter of Steele,* N. Y. L. J. July 17, 1920, Cohalan, S.

Whether the party is, or is not, entitled as of right to a trial by jury must be heard on the return of the citation if the decree is to be conclusive upon the parties. *Matter of Barlow,* 180 App. Div. 860, 864. When is the proper time in a judicial settlement proceeding to hear and determine the question?

The " controverted question of fact " mentioned in section 68 of the Surrogate's Court Act relates to the *issue upon the claim,* and not to the contention between the parties as to the constitutional *right of a jury trial* upon a claim. The determination of the question whether or not a claimant is entitled to a jury trial as a constitutional right should be and must be determined at a time ·in the judicial settlement proceeding when all the parties, creditors, if any, and other persons interested in the estate, are before the court. Otherwise, if the question of *right* to jury trial should be litigated by the claimant and the executors, before the court acquires jurisdiction of the necessary parties, such other parties must still have their day in court upon the question of a *right of trial by jury* by the claimant. *Alfred University* v. *Frace,* 193 App. Div. 279, 285; *Matter of Marx,* 109 Misc. Rep. 58.

The court will entertain claimant's motion for the direction of a jury trial, whenever the proceeding is advanced sufficiently to bring in all parties interested in the estate upon a " judicial settlement," *i. e.,* when the matter is on the calendar, on the return of the citation. I understand the words " must make an order directing the trial by jury " in section 68 of the Surrogate's Court Act to mean that the court is compelled to make such an

order, if any party has constitutional right of trial by jury, as well as in a probate matter (*Matter of Walsh,* 107 Misc. Rep. 475; *Matter of Thompson,* 204 App. Div. 182), to be made when all parties are before the court, that the court may decide whether the constitutional right in fact exists, and have the determination bind all parties interested. Any party may contest the right to such jury trial on the return day of the citation should the claimant assert such a constitutional right. The question will be which word, " *must* " or " *may,*" governs where there is a controverted question of fact arising upon a petition to pay a claim. *Matter of Thompson, supra.*

The court will once more refrain from hearing the contention of the parties as to whether the claimant is entitled to jury trial as a matter of right until such time as all the parties interested in the estate are properly before the court in a proceeding for the judicial settlement of the estate.

Motion denied.

Decreed accordingly.