John D. Bennett, S.
The executor has filed his final accounting and one of the legatees has filed various objections. Said legatee has also petitioned for an order directing the executor and his law firms to return legal fees and disbursements amounting to $2,000,000 or to file a bond covering said amount pending the final accounting. The basis of this petition is also set forth in the objections to the account.
The executor and the law firms in question have moved to dismiss the petition on the grounds that: (1) the payments were properly made whether made by the corporation or the estate; (2) the estate is not the proper party to question the fees; (3) another action is pending; (4) the petition is insufficient on its face; (5) the court lacks jurisdiction; and (6) the petitioner has been guilty of laches.
The relief sought by the petitioner is in addition to the objections filed in the accounting proceeding and such ancillary relief *865 should not be barred solely because the accounting proceeding is pending.
The decedent, who died on April 26, 1943, was the sole stockholder of the Luckenbach Steamship Company, Inc. and engaged the executor’s law firms to handle legal matters for the corporation. It should be noted, however, that the estate of the father of the deceased herein, which estate was pending in the Surrogate’s Court, Kings County, had claimed ownership to some of the stock in the corporation and that matter was not resolved in favor of the estate herein until 1955. The executor herein, who was not a director or officer of the corporation, maintained the ownership of the stock as authorized by the decedent’s will.
In 1960, the stock of said corporation was distributed and the petitioner, the decedent’s son, received two thirds of the outstanding stock. He became president of the corporation and continued to employ the services of the law firms that he seeks relief against herein.
The evidence appears clear that the services provided by the law firms were for the corporation and not for the estate. The corporation had an independent board of directors; its officers were elected by the board; it paid corporation taxes; its creditors treated the company as a corporation; and all indications were that this was a multimillion dollar corporation.
The legal services provided were no different from the operating expenses which were subject to the approval of the officers and directors. It cannot be said that because an estate owns stock in a corporation, the corporation entity becomes part of the estate thereby requiring approval of the executor and the court before it can pay its expenses. Consideration must be given to creditors of a corporation who deal with same on a corporate not estate basis. In addition, it would be an unwarranted imposition on the management of the corporation to have one or both of the estates claiming ownership in the stock to secure court approval before it could pay its corporate bills. Whether the estate owns all of the stock or a small portion thereof, a corporation expense is not an estate expense and court approval to pay legal expenses of the corporation is not required (Matter of Auditore, 278 N. Y. 234; Matter of Dix, 34 Misc 2d 421; Matter of Browning, 258 App. Div. 621).
The petitioner’s contentions could only be asserted by the corporation. The fees were paid not by the executor of the estate but by the management of the corporation. The cause of action, if any, did not belong to the decedent’s estate and, therefore, the Surrogate’s Court lacks jurisdiction over the controversy (Matter of Brown, 78 Misc. 342).
*866 Even if the legal expenses were estate expenses to be paid by the executor, it would not be necessary to obtain the Surrogate’s approval to pay said expenses.
It is unreasonable to expect attorneys for a multimillion dollar corporation to do extensive legal work in order that the corporation function properly on a daily basis but have to wait 20 years until the final accounting is completed in order to be paid. This would result in an income tax hardship to the attorneys, the corporation, and the estate as income would not be spread over a number of years.
The entire matter of paying legal fees to an attorney fiduciary prior to the judicial settlement of his account was covered in the Second Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates, Appendix K (N. Y. Legis. Doc., 1963, No. 19). The report discusses the two leading cases where contrary opinions are set forth. Matter of Israel (176 Misc. 120) approves payments on account while Matter of Maas (38 N. Y. S. 2d 261) does not.
“ Although Surrogates Foley and Delehanty have set down clearly opposite rules [in the Israel and Maas cases (supra)] regarding the necessity of court approval for interim payments of the fees of an attorney-fiduciary, and neither view appears to have been approved or disapproved by the Legislature, the results of the decided cases reflect a leaning toward the position of Surrogate Foley in Matter of Israel’s Estate that an advance should be permitted. Even those cases which follow the Maas case or its reasoning generally do not surcharge an attorney-fiduciary with interest because of unauthorized advanced withdrawals of legal fees, even though they strongly admonish the attorney for taking the advance ” (Comm. Report, supra, p. 422). In fact, the leading eases following either theory do not hold that the entire amount be returned pending a final accounting or court approval.
Section 231-a of the Surrogate’s Court Act is a vehicle to have legal fees approved, but said section has been construed to provide approval for completed legal services and not interim services (Matter of Rosenblum, 137 N. Y. S. 2d 481). That case holds that the section contemplates a finalization of the attorney’s claim for fees either upon a completion of his services or a discharge. However, section 231-a was not designed to abolish the existing rights to voluntary payments for legal services without court approval (Comm. Report, supra, p. 420).
The Commission Report (supra) states, on page 419, that the inclusion of language in section 231-a providing for the repay *867 ment of excess prior payments of legal fees, infers that prior payments without court approval are sanctioned.
The other objections raised by the executor and the law firms are academic as a result of the foregoing decision.
The motions to dismiss the petition are granted.