■ In the Matter of the Estate of Edgar F. Luckenbach, Deceased. Edgar F. Luckenbach, Jr., Appellant; Roscoe H. Hupper et al., Respondents.— In a proceeding ancillary to a pending proceeding to settle an executor's final account, by Edgar F. Luckenbach, Jr., an objectant to the account and a residuary legatee named in decedent's will, to compel the executor, a member of the Bar, and his successive law firms, to return to the estate certain payments for legal fees and expenses made by a corporation in which decedent had been the sole stockholder, or to file a bond (to repay the amount thereof) pending settlement of the final account; the said residuary legatee appeals from an order of the Surrogate's Court, Nassau County, entered July 13, 1965, which (1) adjudged (a) that the cause of action alleged in the petition may only be asserted by the corporation; (b) that the court has no jurisdiction over the subject matter of the cause of action; and (c) that the petition fails to state a cause of action; and (2) granted the cross motions of the executor and his law firms to dismiss the petition. Order affirmed, with one bill of costs to each party, or parties jointly, who appeared and filed a brief, other than appellant, payable by appellant. In our opinion, the dismissal of the petition was proper. Petitioner is still at liberty to pursue the grounds of his pending objections to the executor's account and to attempt to justify, by proof, his allegations that the executor-attorney was self-dealing with a corporation in which he was — or claims to be — the sole stockholder, by virtue of his office (cf., *Matter of Weinstein,* 25 A D 2d 776). If the presence of the executor's law firms be required, they may be added upon appropriate application for a supplemental citation directed to them as proper and necessary parties to the contested accounting so as to enable the court to make a proper decree (cf. *Matter of Hanna,* 121 Misc. 754, 757). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [46 Misc 2d 864.]

■ In the Matter of 134 09 Rest. Inc., Petitioner, v. New York State Liquor Authority, Respondent — Proceeding pursuant to article 78 of the CPLR to review a determination of the State Liquor Authority which cancelled petitioner's restaurant liquor license for refusal to permit an inspection of its premises by a police officer. The proceeding was transferred to this court for determination by an order of the Supreme Court, Queens County, dated April 1, 1966. Determination modified, on the law and the facts, so as to reduce the penalty from cancellation to a 10-day suspension of petitioner's license, commencing as of April 25, 1966. As so modified, the determination is confirmed, without costs. In our opinion, the penalty imposed was excessive and on this record a 10-day suspension is the appropriate penalty. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.