■ In the Matter of ROBERT H. NODELMAN, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents. —Appeal from an order of Supreme Court, New York County, entered August 24, 1977, in an article 78 proceeding which sought, *inter alia,* to annul respondents' determination denying petitioner's application for accidental disability retirement, which order granted the petition to the extent of annulling said determination with the recommendation that a new examination be had by impartial physicians selected by the board of trustees and that there be a redetermination of petitioner's application for a service connected pension after receipt of a further report by the medical board, unanimously dismissed, without costs or disbursements. Such further action, as recommended by Special Term, is not purely ministerial in character, but requires the exercise of quasi-judicial responsibility with respect to the issues, and hence the order is intermediate, and not final, and is not appealable as of right but only upon obtaining permission to appeal (CPLR 5701, subd [b], par 1; see *Matter of North Amer. Holding Corp. v Murdock,* 6 AD2d 596, affd 6 NY2d 902). If permission to appeal had been sought, the application would have been denied. Concur—Lupiano, J. P., Birns, Evans, Lane and Sullivan, JJ.

■ MONASCH & CHAZEN, Appellant, v SHOPPERS PARADISE, INC., et al., Respondents.—Order, Supreme Court, New York County, entered October 6, 1977, which denied plaintiff's motion for summary judgment and declined jurisdiction over the action on the ground that the parties were able to obtain full relief in the Surrogate's Court of Rockland County, unanimously modified, on the law, to the extent of reinstating the action in the Supreme Court; as so modified, affirmed, without costs and disbursements, and without prejudice to any further proceedings after service of pleadings. Special Term denied plaintiffs' motion for summary judgment in lieu of complaint brought on 10 promissory notes apparently issued by the defendant Shoppers Paradise, Inc., and guaranteed by defendant Shoppers Paradise of New Jersey, Inc., on the ground that the Surrogate's Court had concurrent jurisdiction and the matter should be resolved there. It appears that plaintiffs were performing legal services for the estate of the sole stockholder of defendant corporations in connection with estate matters and were also performing legal services for the defendant corporations. These services were defined in the retainer agreements and were not so coincidental as to render it difficult to perceive a clear demarcation between the two areas of services. The instant action patently lies in the Supreme Court against the corporate maker and corporate guarantor of the notes (see *Matter of Luckenbach,* 46 Misc 2d 864, affd 25 AD2d 852). There is no basis demonstrated for piercing the corporate veil. Accordingly, Special Term was in error in declining jurisdiction and should have treated of the merits of the motion. As to the merits, summary judgment must be denied because the present record is too sparse to permit of a reasoned determination. Plaintiffs are directed to serve a complaint within 20 days after service upon plaintiffs of a copy of the order to be entered hereon, with notice of entry, and the answer shall be served within 20 days after service of the complaint. The denial of summary judgment is without prejudice to any further proceedings after service of pleadings (see *Waldon Constr. Co. v Uris 55 Water St. Co.,* 49 AD2d 515; *Haug v Metal City Findings Corp.,* 47 AD2d 837). Concur—Lupiano, J. P., Birns, Evans, Lane and Sullivan, JJ.