In a probate proceeding in which Esther Rachel Hersh, as executor and cotrustee of the estate of George Hersh, petitioned, inter alia, pursuant to Business Corporation Law § 1104-a to dissolve GM Beverly Corp. and GM Canmar Residence Corp., Mark Hersh, GM Beverly Corp., and GM Canmar Residence Corp. appeal from so much of an order of the Surrogate’s Court, Queens County (Kelly, S.), dated June 15, 2011, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition for lack of subject matter jurisdiction.
Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.
As an initial matter, under the circumstances, there is no merit to the petitioner’s contention that the appeal should be dismissed on the ground that the record on appeal does not contain all of the relevant papers before the Surrogate’s Court (see Chateau Rive Corp. v Enclave Dev. Assoc., 22 AD3d 445, 447 [2005]).
*872 Contrary to the appellants’ contention, the relief sought in the subject petition is related to the decedent’s affairs and the administration of the decedent’s estate, which will be tangibly affected by the outcome of the proceeding, such that the Surrogate’s Court may properly exercise jurisdiction over the petition (see NY Const, art VI, § 12 [d]; Matter of Piccione, 57 NY2d 278, 290 [1982]; Matter of Denton, 6 AD3d 531, 532 [2004]; see also Matter ofVerdeschi, 63 AD3d 1084 [2009]; Matter of Rosmarin, 107 AD2d 689 [1985]; cf. Lincoln First Bank v Sanford, 173 AD2d 65, 68 [1991]; Matter of Corning, 108 AD2d 96, 102-103 [1985]; Matter of Lainez, 79 AD2d 78, 80 [1981]; Matter of Luckenbach, 46 Misc 2d 864, 865 [1965]). Moreover, contrary to the appellants’ contention, because “[u]nder the rationale of Matter of Piccione . . . whereby the Surrogate can derive power directly from the Constitution without the need for a specific statute” (Matter of Lupoli, 275 AD2d 44, 51-52 [2000]), the Surrogate’s Court has subject matter jurisdiction over the petition notwithstanding the fact that pursuant to Business Corporation Law § 1112 a special proceeding under Business Corporation Law article 11 shall be brought in the Supreme Court (see id.; see also Matter of Fabell, 121 Misc 2d 176, 180 [1983]).
The appellants’ remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.