944 P.2d 1235

**John TREBUS, Petitioner.**

v.

**Hon. John E. DAVIS, Judge of the Superior Court for the State of Arizona, in and for the COUNTY OF PIMA, Respondent,**

and

**STATE of Arizona, Real Party In Interest.**

**No. CV–96–0563–PR.**

Supreme Court of Arizona, En Banc.

Aug. 19, 1997.

James W. Cochran, Tucson, for John Trebus.

Barbara E. LaWall, Pima County Attorney by Lynnette C. Kimmins, Christina M. Cabanillas, Tucson, for State.

## OPINION

FELDMAN, Justice.

John Trebus moved to remand a grand jury's indictment for a new determination of probable cause. *See* Rule 12.9, Ariz. R.Crim.P. Trebus contends the trial judge abused his discretion by refusing to remand this case because the prosecutor had deprived him of the right to make a written request to present explanatory evidence to the grand jury pursuant to A.R.S. § 21–412. We granted review to examine the responsibility of a prosecutor who learns that a defendant wishes to present exculpatory evidence or testify before a grand jury. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 23, Ariz.R.Civ.App.P.

## FACTS AND PROCEDURAL HISTORY

In February 1994, Trebus' stepdaughter told Salinas, California police that Trebus had sexually molested her in early 1991 while the family lived in Tucson. The Salinas police gave this information to the Pima County Sheriff's Department, which conducted a limited follow-up investigation and interviewed Trebus. After the interview, Trebus retained a lawyer who wrote a letter to the deputy county attorney in charge of the Sex Crimes Unit of the Pima County Attorney's Office. This letter was hand-delivered to the Office where it was stamped as received. In the letter, Trebus' lawyer asked to meet with the county attorney to discuss the case before a criminal prosecution was authorized. The lawyer further indicated that Trebus had exculpatory evidence he wanted to present and stated that the letter was to serve as a formal request under A.R.S. § 21–412 to make the exculpatory evidence available to the grand jury. The lawyer also asked that, if the county attorney decided not to meet with him, she give him advance notice of the date and time the case would be presented to the grand jury so that Trebus could exercise his rights under A.R.S. § 21–412. No one from the Pima County Attorney's Office responded to the letter.

Without notice to Trebus or his lawyer, the case was presented to the grand jury and an indictment was issued on February 20, 1996, accusing Trebus of twelve assorted dangerous crimes against children. Trebus filed a motion to dismiss or, alternatively, to remand to the grand jury for a new determination of probable cause. He claimed his due process

rights were violated because the county attorney ignored his request to present information to the grand jury and because the state presented false and misleading information to the grand jury. In response, the county attorney claimed that she never received the letter.

The trial judge denied the motion, and Trebus filed a petition for special action seeking review of that decision. *See* Rule 7, Ariz.R.Sp.Act. The court of appeals, without explanation, declined to accept jurisdiction of the special action. This court granted Trebus' petition for review.

## DISCUSSION

### A. Responsibility of the prosecutor

■ Pursuant to A.R.S. § 21–412, a person under investigation by a grand jury may present evidence to that grand jury. In relevant part, A.R.S. § 21–412 states:

> The grand jurors are under no duty to hear evidence at the request of the person under investigation, *but may do so.* ... The grand jurors shall weigh all the evidence received by them and when they have reasonable ground to believe that other evidence, which is available, will explain away the contemplated charge, they *may require* the evidence to be produced.

(Emphasis added.) A defendant's right to request the grand jury to consider his evidence is implicit in the statute. It is even more clearly implicit in Rule 12.6, Ariz. R.Crim.P.[1] While the statute and rule make clear that the grand jury may but need not consider any evidence proffered by the defendant, they leave open the question of how the grand jury is to be informed that the defendant has evidence available or has requested to appear. Although the county attorney is not explicitly assigned the task of informing the grand jury that the defendant wishes to appear or submit exculpatory evidence, we have recognized that due process may require the county attorney to do so, especially when requested. *Crimmins v. Su-*

*perior Court,* 137 Ariz. 39, 43–44, 668 P.2d 882, 886–87 (1983) (Feldman, J., specially concurring); *see generally* 38A C.J.S. *Grand Juries* §§ 168 & 169 (1996) (citing *Crimmins* and other cases for proposition that prosecutor's presentation must be fair and impartial; although prosecutor need not actually present exculpatory evidence, he must inform grand jury of its existence and give grand jury opportunity to order its production).

■ In *Crimmins,* a kidnaping and assault case, the prosecutor not only failed to instruct the grand jury on applicable statutes and allowed a prosecution witness to testify in a misleading manner, but also ignored the defendant's request to present his side of the incident. We held that due process compels the prosecutor to make a fair and impartial presentation to the grand jury. *Crimmins,* 137 Ariz. at 41, 668 P.2d at 884. This requires the prosecutor to instruct the grand jury on all the law applicable to the facts of the case, even if the grand jury does not make any specific request for additional legal instruction. *Id.* at 42, 668 P.2d at 885. This court noted that "[t]he grand jury is neither an arm nor a servant of the prosecution," and "the prosecutor's discretion is to be used 'in assisting the grand jury.'" *Id.* at 43–44, 668 P.2d at 886–87 (quoting *Gershon v. Broomfield,* 131 Ariz. 507, 509, 642 P.2d 852, 854 (1982)). *See* Sigmund G. Popko, *Arizona's County Grand Jury: The Empty Promise of Independence,* 29 Ariz. L.Rev. 667, 681–83 (1987).

> [W]here the defendant has indicated his willingness to waive his right to remain silent and has volunteered to discuss the case with the prosecutor, one might assume there is a reasonable possibility that he would waive the fifth amendment and testify before the grand jury. The prosecution here failed to notify defense counsel that the case was going to the grand jury and also failed to notify the grand jury that the defendant might be willing to appear and testify. The prosecution thereby deprived the defendant of the right to make a written request of the grand jury

---

1. Rule 12.6, Ariz.R.Crim.P., "Appearance of Person Under Investigation," states in relevant part:
   A person under investigation by the grand jury may be compelled to appear or may be

permitted to appear before the grand jury upon the person's written request....

to allow him to appear (see Ariz.R.Crim.P. 12.6) and deprived the grand jury of its right to determine whether the defendant's testimony might be "other evidence, which is available, [and] will explain away the contemplated charge...." The rule, the statute, and the concept of an independent grand jury give the grand jury, not the prosecution, the right to make these determinations.

*Crimmins*, 137 Ariz. at 44, 668 P.2d at 887. Thus, by failing to inform the grand jury of the defendant's willingness to come forward, a prosecutor may effectively control the outcome of a given proceeding, thereby usurping the grand jury's role and depriving a defendant of the due process right to an independent grand jury. Popko, *supra*, 29 Ariz. L.Rev. at 683.

Although we realize there are arguably other means by which the defense can communicate information to the grand jury, such as by notifying the presiding judge, the only pragmatic, realistic conduit is the county attorney—the grand jury's assistant and advisor. *See Gershon*, 131 Ariz. at 510, 642 P.2d at 855 ("The prosecutor's duty is to assist the grand jury in its investigations; the prosecutor may not exercise dominion over those investigations by evading the grand jury's will."). Nor is it odd, as Justice Martone's dissent describes it, to place this duty on the "investigated person's adversary, the prosecutor." Dissent, *infra*, at 627, 944 P.2d at 1241. California, for example, has recognized such a duty. In *Johnson v. Superior Court*, the California Supreme Court found that under section 939.7 of the California Penal Code, which is similar to A.R.S. §§ 21–408 and 21–412, the prosecutor was obliged to inform the grand jury of the nature and existence of evidence reasonably tending to negate a defendant's guilt. The court reasoned that the grand jury cannot be expected to request evidence of which it is ignorant. The court stated:

The People contend the proper construction of section 939.7 is that "the impetus for the presentation of exculpatory evidence must originate in the grand jury, not the district attorney." However, unless so informed by the district attorney, the grand jury ordinarily has no "reason to believe that other evidence within its reach will explain away the charge." ... The defendant's right to bring exculpatory evidence to the attention of the grand jury by letter is illusory unless he knows his case will be under consideration by them. Because the proceedings of the grand jury are held in secret without notice to the defendant, the construction of section 939.7 urged by the People would nullify its protective role.

15 Cal.3d 248, 124 Cal.Rptr. 32, 36, 539 P.2d 792, 796 (1975) (citations omitted). With regard to the prosecutor's adversarial role, the court noted that

the adversary system does not extend to grand jury proceedings. As has been explained, if the district attorney does not bring exculpatory evidence to the attention of the grand jury, the jury is unlikely to learn of it. We hold, therefore, that when a district attorney seeking an indictment is aware of evidence reasonably tending to negate guilt, he is obligated under section 939.7 to inform the grand jury of its nature and existence, so that the grand jury may exercise its power under the statute to order the evidence produced.

*Id.*

■ The prosecutor, as an officer of the court as well as the lawyer for the state, is not just an adversary of the person under investigation. The interests of the prosecutor and the state are not limited to indictment but include serving the interests of justice; thus, the prosecutor's obligation to make a fair and impartial presentation to the jury has long been recognized. *See Crimmins*, 137 Ariz. at 41, 668 P.2d at 884; *see also State v. Emery*, 131 Ariz. 493, 506, 642 P.2d 838, 851 (1982). Our statutes and rules give the grand jury, not the prosecutor, the right and obligation to decide whether to hear a defendant or his exculpatory evidence. We therefore see nothing odd in requiring the prosecutor to tell the grand jury about possible exculpatory evidence. After all, if the exculpatory information had been provided by the police, the law requires that it be presented to the grand jury. *Cf. Herrell v. Sargeant*, 189 Ariz. 627, 944 P.2d 1241 (1997).

Why should the rule be different when the prosecutor receives such information from a defendant? [2]

■ Given the power of the prosecutor in the grand jury system, the statutory right of the grand jury to decide whether to hear evidence from the defendant, and the defendant's right to request appearance before the grand jury, we hold the county attorney must inform the grand jury that the defendant has requested to appear or has submitted exculpatory evidence. Without such a responsibility, A.R.S. § 21–412 and Rule 12.6 are rendered meaningless.

■ The grand jury is, of course, free to either grant or deny the defendant's request, but this choice is for the grand jury and not for the county attorney. *See State v. Just,* 138 Ariz. 534, 540, 675 P.2d 1353, 1359 (App. 1983) ("The purpose of [A.R.S. § 21–412] is obviously to give the grand jury the opportunity to hear the evidence it deems necessary to make its probable cause determination.").

■ Turning now to the case at bar, we must decide whether the letter written by Trebus' lawyer was sufficient to trigger the county attorney's duty to inform the grand jury of Trebus' willingness to present exculpatory evidence or to testify.

## B. The letter

■ The county attorney is not obligated to present all exculpatory evidence to the grand jury absent a request by the grand jury, but must present only "clearly exculpatory" evidence. *State v. Coconino County Superior Court (Mauro),* 139 Ariz. 422, 425, 678 P.2d 1386, 1389 (1984). Clearly exculpatory evidence is evidence of such weight that it might deter the grand jury from finding the existence of probable cause. *Id.* (citing

United States v. Ciambrone, 601 F.2d 616, 623 (2d Cir.1979)).

Trebus concedes that this is not an exculpatory evidence case. The evidence Trebus sought to present concerned his stepdaughter's veracity and credibility and highlighted inconsistencies in her various allegations. We believe, however, that issues such as witness credibility and factual inconsistencies are ordinarily for trial. *See Mauro,* 139 Ariz. at 425–26, 678 P.2d at 1389–90 (exploring insanity defense not well suited to primary function of grand jury and is best left for petit jury). The grand jury's primary function is to determine "whether probable cause exists to believe that a crime has been committed and that the individual being investigated was the one who committed it." *State v. Baumann,* 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980). Simply put, the grand jury is not the place to try a case. Thus, the county attorney in this case was not required to present the proffered evidence, whatever it may have been.

While there may be exceptions to the "clearly exculpatory" evidence limitation, this case does not permit us to recognize or apply any exception. The letter from Trebus' lawyer is vague, does not refer to any specific exculpatory evidence, and is non-committal about Trebus' desire to testify before the grand jury. No evidence is described, no offer to testify is made. At oral argument in this matter, Trebus' lawyer still could not tell this court what evidence, other than credibility issues, Trebus wished to have the grand jury consider; nor was he yet sure whether Trebus would testify before the grand jury if given the opportunity. In short, we do not believe that the letter was sufficient to require the county attorney to inform the grand jury that Trebus wished to present evidence or testify. If we were to hold otherwise, we believe county attorneys might

**2.** The suggestion in Justice Martone's dissent that the defendant's request be relayed through the presiding judge presents several difficulties. Although the presiding judge convenes the grand jury and may instruct the jurors on the general conduct of a grand jury when they first meet, the judge otherwise has no contact with the grand jury, has no knowledge of which cases are presented to the grand jury, when they are to be presented, or which county attorney is present-

ing the cases. Presiding judges, particularly those in the larger counties, have enough to do without giving them the burden of ministerial supervision of each case in the grand jury system. From a practical as well as legal standpoint, it is surely not too much to require the county attorney handling a specific case to give the grand jury the information the law says it has a right to know so that it can exercise its statutory discretion.

well be inundated with meaningless letters seeking to muddy the waters.

■ While we seek to preserve the function of the grand jury process, we do not wish to open the door to game-playing and meaningless posturing from either side. Under A.R.S. § 21–412 and Rule 12.6, the grand jury is to decide if it wishes to hear a defendant or his evidence. It can make an informed decision only if, on the one hand, the defendant's request provides information with some degree of detail, at least as to the subject and outline of the proposed evidence, and, on the other hand, if the prosecutor conveys that information to the grand jury. We believe the statute and rule contemplate both requirements. As we stated in *Mauro:*

> [We have] not, and will not today, set out a mechanical test to be applied to find whether the state has complied with due process requirements because "what is required to make a 'fair presentation' to the grand jury ... will vary from case to case." However, we think the guidelines set out today will more clearly define the prosecutor's duties before the grand jury.

139 Ariz. at 424, 678 P.2d at 1388 (citations omitted).

## CONCLUSION

For the reasons set forth above, we approve the trial court's denial of Trebus' Rule 12.9 motion to remand this case to the grand jury.

ZLAKET, C.J., and JONES, V.C.J., concur..

MOELLER, J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, TOCI, C.J., of the Court of Appeals, Division One, was designated to sit in his stead.

TOCI, Chief Judge, specially concurring.

I concur in the result. In my view, Part B is sufficient to dispose of this case. I agree that the evidence Trebus wished to offer was not clearly exculpatory and that issues of credibility and inconsistencies in witness testimony are best resolved by trial.

I take issue with the remainder of the opinion for two reasons. First, Part A is not necessary to the holding in this case, and therefore has no precedential value. Furthermore, I disagree with it. Although the prosecutor must disclose clearly exculpatory evidence, *State v. Coconino Cty. Sup. Ct.,* 139 Ariz. 422, 425, 678 P.2d 1386, 1389 (1984), A.R.S. section 21–412 (1990) states the grand jury is "under no duty to hear evidence at the request of the person under investigation." Thus, Trebus had no absolute right to testify or to have information presented to the grand jury unless that information was "clearly exculpatory."

The letter on Trebus' behalf did not state what exculpatory information he had to offer nor that Trebus would testify before the grand jury if given the opportunity. It simply stated that the lawyer wished "the opportunity to present ... exculpatory evidence that may not have been presented to you, or to clarify perhaps misleading interpretations of the facts as seen by the investigating officers." Therefore, Part A of this opinion is advisory when it states that the prosecutor "must inform the grand jury that the defendant has requested to appear," which Trebus did not, "or has submitted exculpatory evidence." *See* Maj. op. at 625, 944 P.2d at 1239. As to the latter, although Trebus' lawyer suggested he had exculpatory evidence, what he actually wished to do was to highlight for the grand jury evidence of the victim's lack of veracity or inconsistency in reporting the events at issue. In this case, that was not "clearly exculpatory evidence."

MARTONE, Justice, dissenting from part A of the opinion and concurring in the judgment.

I agree with Judge Toci. I write only to set forth my reasons for disagreeing with part A of the majority opinion. The majority's advisory holding that the county attorney has an obligation to communicate the defendant's request to present evidence to the grand jury is unsupported by the relevant statutes and our cases. A.R.S. § 21–412 provides only that the grand jury may hear evidence at the request of the person under investigation. It says nothing about that request being presented to a prosecutor. A.R.S. § 21–408 de-

scribes the duties of the prosecutor as they relate to the grand jury and nowhere is there any suggestion that the prosecutor is the person to whom an investigated person must make a request to appear.

In contrast, A.R.S. § 21–409 imposes on the court the duty to charge the grand jury "concerning the matters that may be considered by it and concerning the duties of the grand jurors." It is the court that calls the grand jury. A.R.S. § 21–402. It is the court that appoints the foreman. A.R.S. § 21–409(D). Thus, if an investigated person wants to communicate with the grand jury, he or she should do so through the court that convened it. It is odd to put that duty on the investigated person's adversary, the prosecutor.

So, for example, in *State v. Just,* 138 Ariz. 534, 539, 675 P.2d 1353, 1358 (App.1983), the defendant submitted his request to present evidence under A.R.S. § 21–412 "to the grand jury." The prosecutor's objection was overruled and Judge Broomfield ruled that the matter was to be decided by the grand jury.

In *Crimmins v. Superior Ct.,* 137 Ariz. 39, 668 P.2d 882 (1983), we did not address the question of whether the prosecutor had a duty to communicate the defendant's request to the grand jury. Only Justice Feldman did by a specially concurring opinion upon which today's majority relies as though it were the opinion of the court. The majority says that without imposing this burden on the prosecutor, "A.R.S. § 21–412 and Rule 12.6 are rendered meaningless." *Ante,* at 625, 944 P.2d at 1239. This is hardly the case. If the defendant here wanted to present evidence to the grand jury under the statute or rule, all he had to do, when he got no answer from the prosecutor, was to send his request directly to the grand jury through the office of the judge who called the grand jury under A.R.S. § 21–402 and whose obligation it was to charge it under A.R.S. § 21–409.

I thus concur in the judgment and dissent from part A of the majority's opinion.