944 P.2d 1241

**Phillip Clark HERRELL, Petitioner.**

v.

**Hon. William P. SARGEANT, III, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. CV–97–0156–PR.**

Supreme Court of Arizona, En Banc.

Aug. 19, 1997.

Eleanor L. Miller, Phoenix, for Phillip Clark Herrell.

Richard M. Romley, Maricopa County Attorney by Arthur G. Hazelton, Phoenix, for State of Arizona.

**OPINION**

FELDMAN, Justice.

The court of appeals declined to accept jurisdiction of a petition for special action by which Phillip Herrell sought to obtain a remand to the grand jury for a new determination of probable cause. *See* Rule 12.9, Ariz. R.Crim.P. We granted review because we believe that the principles articulated by our previous cases required the trial court and the court of appeals to grant relief. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3), Rule 23, Ariz. R.Civ.App.P., and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

Herrell's pleadings in this court and the court of appeals allege the following:[1] Herrell's 13–year–old daughter was a frequent runaway who associated with gangs. On at least two occasions she was sexually assaulted. After one incident in early 1996, a man was charged in Maricopa County Superior Court with eight counts of sexual misconduct with the daughter. Around the same time, Herrell's daughter was adjudicated incorrigible by the Maricopa County Superior Court, Juvenile Division, and placed on probation.

On the evening of May 7, 1996, shortly after she returned from a probation-required counseling session, Herrell's daughter asked for a flashlight. A few moments later, Herrell heard his back door open and close and believed his daughter had run away again. He immediately got into his car and began driving through the neighborhood to search for her, but was unsuccessful and headed back toward his residence. As he approached his house, he saw a car parked near the end of his driveway and his wife running down the driveway, pointing toward the car and yelling their daughter's name. Because it was dark and the car's windows were tinted, Herrell did not have a clear view of the interior and saw only the outline of a female head in the front passenger seat.

As the car pulled away, Herrell followed it and tried to get the driver to pull over. When it continued to evade him, Herrell pulled in front of the car and forced it to stop. Armed with a CO2–powered BB pistol that he aimed at the driver, Herrell got out of his car and approached the other car, demanding to know his daughter's whereabouts. Instead of responding, the driver backed up and sped away. Herrell jumped back in his car and pursued. The pursuit led Herrell back to his street, where he saw the other car pull into his neighbor's driveway. It was not until then that Herrell discovered he had made a mistake—the occupants of the

---

1. We note that the state did not file a response in this court. We therefore must assume the facts alleged in Herrell's petition are true.

other car were his neighbor's sister, brother-in-law, and their three young children. Both the neighbor and Herrell immediately called 911 to report the incident.

Ten days later, the County Attorney's Office presented Herrell's case to the grand jury. The officer who testified had responded to the 911 calls, but had only spoken with the victims, not with Herrell. He told the jury that Herrell explained to other officers that he had been having trouble with his 13–year–old daughter, that she had been hanging out with gang members, was on probation, and he thought she may have left with some gang members that night.

Shortly after the indictment was handed down, Herrell moved to have the matter remanded to the grand jury for a new determination of probable cause, pursuant to Rule 12.9, Ariz.R.Crim.P.[2] He argued that the jurors were presented with only the victims' version of the events and had not been advised of the applicable law. Specifically, his motion asked the judge to:

> enter an order (1) remanding this matter to a new grand jury for a redetermination of probable cause, (2) directing the Maricopa County Attorney's Office to adequately advise the jurors of *all* the evidence in its possession/knowledge regarding the background of this case and (3) directing that same office to advise the grand jurors of *all* the appropriate justification statutes, including but not limited to A.R.S. § 13–411, and all the statutes described therein.

The trial judge granted Herrell's motion, concluding "that the State concedes the facts and arguments propounded by Defendant." However, the judge did not give any specific directions regarding the second presentation to the grand jury.

A few days later, Herrell's attorney sent a letter to several deputy county attorneys involved in grand jury presentations. She requested that during the second presentation the attending deputy advise the grand jurors of all the relevant facts and applicable statutes. Included with the letter were copies of the parties' Rule 12.9 pleadings and the

court's remand order. *Cf. Trebus v. Davis,* 189 Ariz. 621, 944 P.2d 1235 (1997).

The case was presented to a new grand jury on October 16, 1996. In spite of Herrell's request and the trial court's order, the presentation to the second grand jury was essentially the same as that to the first grand jury. The outcome was also the same: Herrell was indicted for aggravated assault, a class 3 dangerous felony. The trial judge denied Herrell's motion for a second remand to the grand jury, stating, "The information which the Defendant suggests should have been presented is exculpatory, but not clearly exculpatory to an extent which would require its presentation to the Grand Jury."

Herrell filed a petition for special action in the court of appeals. A majority of the court declined to accept jurisdiction, with Judge Garbarino dissenting. Believing that in this case the trial court and the court of appeals overlooked our cases pertaining to grand jury presentations, we granted Herrell's petition for review.

## DISCUSSION

■ Statutory law provides that "grand jurors are under no duty to hear evidence at the request of the person under investigation, but may do so. . . . The grand jurors shall weigh all the evidence received by them and when they have reasonable ground to believe that other evidence, which is available, will explain away the contemplated charge, they may require the evidence to be produced." A.R.S. § 21–412; *see also* Rule 12.6. When the state uses grand jury procedures, it must present the evidence in a fair and impartial manner. *State v. Emery,* 131 Ariz. 493, 506, 642 P.2d 838, 851 (1982). We recently held that, on proper request, the prosecutor is obligated to inform the grand jury of any exculpatory matters, thus enabling the jury to make an informed decision under A.R.S. § 21–412. *See Trebus,* 189 Ariz. at 625, 944 P.2d at 1239.

■ By the time of the second presentation to the grand jury, the prosecutor had

---

**2.** We assume he was indicted for aggravated assault, a class 3 dangerous felony, though the actual charge is not part of the record before this court.

the following available: (1) transcripts of the May 17, 1996 grand jury proceedings, (2) transcripts of Herrell's and the neighbor's 911 calls, (3) the complaint filed in superior court charging one Ignacio Avila with eight counts of sexual conduct with Herrell's daughter; and (4) records of the juvenile court hearing at which Herrell's daughter was adjudicated incorrigible. Information contained in these records could have been but was not made available to the grand jury to assist it in determining whether to indict Herrell.

At the second grand jury presentation, the deputy county attorney advised the jurors that A.R.S. §§ 13–105 (definitions), 13–1203 (assault), 13–1204 (aggravated assault), and 13–604(P) (dangerous nature) might assist them in determining whether probable cause existed. According to his records, the statutes had been read to the jurors either July 3 or July 8. He also told the jurors he found in his file a note that he was to refer the jurors to A.R.S. §§ 13–404, 13–405, and 13–411—"justification statutes .... self-defense, use of a deadly weapon and use of force in crime prevention." Nothing was said about how these three statutes in particular applied to Herrell; nor was there any reference to the several statutes referred to in § 13–411.

In fact, §§ 13–404 and 13–405 do not relate to Herrell's situation at all. Those statutes refer to a person's use of physical or deadly force if the person believes such force is necessary "to protect himself against the other's use or attempted use of unlawful" physical or deadly force. Thus, reference to the self-defense statutes was incorrect and irrelevant. The third statute mentioned, A.R.S. § 13–411, addresses justification and the use of force in crime prevention and is directly applicable to the facts of this case. However, the prosecutor failed to give the jury the apparently uncontradicted facts that might make § 13–411 and the statutes it refers to relevant and important. Thus, Herrell's case is indistinguishable from *Crimmins v. Superior Court,* 137 Ariz. 39, 668 P.2d 882 (1983).

Crimmins returned home from work one afternoon to find his house burglarized. Suspecting a neighborhood teenager, Crimmins went out to look for him, eventually finding the suspect and a group of friends at a local arcade. Although he was unable to apprehend his suspect, Crimmins grabbed another member of the group, placed the boy in his vehicle, questioned him, and ultimately obtained the names of the youths possibly responsible for the burglary. The boy managed to flee Crimmins' vehicle and contact his parents, who called police. Crimmins was indicted for assault and kidnaping.

In the trial court, Crimmins contended that the county attorney failed to adequately inform the grand jury of both the facts and the applicable law. When the trial judge denied Crimmins' motion to remand pursuant to Rule 12.9, he sought special action relief from this court. We held that

> the citizen's arrest statutes were part of the applicable law given the facts of the case, and it was the duty of the prosecutor as legal adviser to the grand jury to instruct on that law. The omission of that legal advice, considered with the inaccurate testimony, rendered the presentation of this case less than fair and impartial as is required by *State v. Emery.*

*Id.* at 42, 668 P.2d at 885. We held that because the grand jury was unable to base its decision upon an accurate set of facts and the applicable law, Crimmins was denied his right to due process and a fair and impartial presentation of the evidence. *Id.* at 43, 668 P.2d at 886; *see generally* 38A C.J.S. *Grand Juries* § 168 (1996) (although prosecutor has wide discretion in presenting case to grand jury, such discretion is not unlimited, and presentation must be fair and impartial). Therefore, Crimmins was entitled to a new determination of probable cause.

Given the unique facts of this case and its similarities to *Crimmins,* we believe it should have been apparent to the deputy county attorney presenting the case the second time that to have a fair and impartial presentation, it was necessary to inform the grand jury about Herrell's version of the relevant, substantive facts. *See generally* 38A C.J.S. *Grand Juries* §§ 75b & 169 (1996) (grand jury should be instructed as to a defense when there is supporting evidence; prosecutor cannot posture handling of case to avoid informing jury of known exculpatory evi-

dence). The trial judge correctly granted Herrell's first motion for remand, concluding that the state had conceded the facts contained in Herrell's first motion. Given that the deputy county attorney presented the second grand jury with virtually the same information that had been given to the first jury, we do not understand how the trial judge could find the second presentation to be fair and impartial.

■ Moreover, we disagree with the trial judge's holding that the evidence Herrell wished to present was not clearly exculpatory. "Clearly exculpatory evidence is evidence of such weight that it would deter the grand jury from finding the existence of probable cause." *State v. Superior Court (Mauro)*, 139 Ariz. 422, 425, 678 P.2d 1386, 1389 (1984). Herrell's motion requesting the second remand stated that "Herrell was clearly attempting to stop what appeared to him to be a surreptitious taking of his underage daughter, probably for the purpose of an illicit sexual encounter, or other type of unlawful assault.... [Herrell] had no idea what was happening inside that car. He reasonably believed, however, that his daughter, the victim of previous sexual assaults, was again being taken from her parent's home, certainly against their will, and possibly against [hers]." Although somewhat melodramatic, Herrell's version of the facts is supported by documentary evidence that was available to the county attorney. As we stated in *Crimmins*:

> Properly informed as to the facts and instructed as to the citizen's arrest statutes, the grand jury could have decided the propriety and legal effect of Crimmins' reliance on the right of a private individual to arrest a criminal suspect. This is a decision that should have been made by the grand jury in weighing the question of probable cause.

137 Ariz. at 43, 668 P.2d at 886. Likewise, in the instant case, the grand jury should have been able to consider whether, under A.R.S. § 13–411 and the statutes it refers to, Herrell was justified in using force to prevent what he perceived was the commission of a serious crime against his daughter. Thus, we believe the evidence was very clearly exculpatory and the order denying remand was clearly erroneous.

In both his petition for special action and petition for review, Herrell contends the trial judge's denial of his second request for remand was without legal authority and/or arbitrary, capricious, and an abuse of discretion. We agree that the judge abused his discretion in failing to grant the second remand motion. The right to an impartial jury applies to both a grand jury and a trial jury. Whether a jury is impartial is "ordinarily a matter that must be left largely to the wise discretion of the trial court. But when the exercise of such discretion in a given cause appears to be clearly erroneous under well-settled principles of law, the appellate court is bound to interfere." *Priestly v. State*, 19 Ariz. 371, 374, 171 P. 137, 138 (1918); *see State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983).

## CONCLUSION

The county attorney failed to present the grand jury with an accurate picture of the substantive facts in both the initial grand jury proceeding and on remand. Thus, Herrell was denied his right to due process and a fair and impartial presentation of the evidence. We must therefore remand for a determination of probable cause.

This court has previously expressed its concerns surrounding the grand jury process:

> We must bear in mind the potential for abuse and the "devastating personal and professional impact that a later dismissal or acquittal can never undo," when the prosecutor is allowed to exercise control "over a cooperative grand jury."

*Crimmins*, 137 Ariz. at 44, 668 P.2d at 887 (Feldman, J., specially concurring). *See Trebus*, 189 Ariz. at 625, 944 P.2d at 1239. Accordingly, the trial court is directed to remand for a new determination of probable cause.

ZLAKET, C.J., JONES, V.C.J., and MOELLER and MARTONE, JJ, concur.