247 P.3d 1005

**Dustin BLACK, Petitioner,**

**v.**

**The Honorable H. Jeffrey COKER, Judge of the Superior Court of the State of Arizona, in and for the County of Coconino, Respondent Judge,**

**State of Arizona ex rel. David W. Rozema, Coconino County Attorney, Real Party in Interest.**

**No. 1 CA–SA 10–0264.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 8, 2011.

Horan Law Offices, P.C. by Adnan Horan, Phoenix, Attorneys for Petitioner.

David Rozema, Coconino County Attorney by Angelee Van Hon, Deputy County Attorney, Flagstaff, Attorneys for Real Party in Interest.

## OPINION

IRVINE, Judge.

¶ 1 Dustin Black seeks relief from the trial court's denial of his motion to remand the grand jury's indictment for a new determina-

tion of probable cause. *See* Ariz.R.Crim.P. 12.9(a). Black contends the trial court erred because the prosecutor failed to inform the grand jury of his written request to appear and testify before it pursuant to Arizona Revised Statutes ("A.R.S.") section 21–412 (2002). We find that the prosecutor had a duty to inform the grand jury of Black's request. Nevertheless, because Black did not provide the prosecutor with the subject and outline of the proposed testimony and the failure to inform appears to have been inadvertent, we do not find any abuse of discretion by the trial court. Therefore, we deny the requested relief.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Shortly after midnight on August 11, 2010, a twelve-year-old girl awoke to find a man standing in her bedroom. The girl recognized the man as Black, who lived across the street. The man left the room, and the girl went to her fourteen-year-old brother's room to tell him about the intruder. The children began looking through the house and saw the same man peering through the back door. The boy shouted and the man went away. The children contacted their mother at her work, and she called police. Police apprehended Black hiding in a cabinet in the bathroom of his aunt's house. Black originally identified himself to police using a different name.

¶ 3 On August 12, 2010, a criminal complaint was filed against Black, charging him with criminal trespass and false reporting to a law enforcement agency. A preliminary hearing was set for August 19, 2010. On August 18, 2010, Black's counsel sent the Coconino County Attorney's Office a notice of his representation. The letter was addressed to a named deputy county attorney and/or "Assigned Deputy County Attorney." It stated, in part:

Mr. Black wishes to present testimony and other evidence to the Grand Jury which we believe will explain away the charges against him. It is our contention that said testimony is critical to a fair and impartial presentation of this matter to the Grand Jury. Should you choose not to subpoena Mr. Black as a witness, we would request that you at least inform the Grand Jury of his request to appear and testify and willingness to do so without a subpoena.

This letter was faxed and received by the County Attorney's Office at approximately 4:22 p.m.

¶ 4 Instead of proceeding with a preliminary hearing, the State presented the case to the County Grand Jury on August 19, 2010. The deputy county attorney presenting the case was not the attorney named in the letter sent by Black's counsel. The prosecutor did not inform the grand jury of Black's request to testify. The grand jury returned an indictment charging Black with criminal trespass and false reporting to a law enforcement agency.

¶ 5 Black subsequently filed a motion to dismiss and remand for a new determination of probable cause, arguing that he was denied a substantial procedural right because the prosecutor failed to inform the grand jury of his written request to appear and present evidence. He argued the Arizona Supreme Court's decision in *Trebus v. Davis*, 189 Ariz. 621, 944 P.2d 1235 (1997), required that his request be transmitted to the grand jury.

¶ 6 In response, the State argued that *Trebus* only imposes a duty on the prosecutor to inform the grand jury of a request to appear if the request "provides information with some degree of detail, at least as to the subject and outline of the proposed evidence." Because Black's letter did not state what evidence would be offered, the State did not believe its duty to inform the grand jury of the request was triggered. At oral argument on the motion, the State represented to the trial court that the written request faxed the afternoon before the grand jury convened had not made its way into the hands of the attorney presenting the case to the grand jury.

¶ 7 The trial court denied the motion, noting the vagueness of Black's letter and its failure to point to any clearly exculpatory evidence. Black's petition in this Court seeks relief from that order, arguing that the trial court erred because the State had a

duty to inform the grand jury of his written request.

■ ¶ 8 "A challenge to the denial of a motion for remand generally must be made by special action before trial, and is not reviewable on direct appeal." *Francis v. Sanders,* 222 Ariz. 423, 426, ¶ 9, 215 P.3d 397, 400 (App.2009). Because the issue raised here "presents a question of statewide importance that is likely to recur, the answer to which will provide guidance on the extent to which a prosecutor has a duty," we accept special action jurisdiction. *Id.*

## DISCUSSION

■ ¶ 9 This case turns on differing interpretations of our supreme court's decision in *Trebus.* That case addressed A.R.S. § 21–412 [1] and Arizona Rule of Criminal Procedure 12.6,[2] and the "responsibility of a prosecutor who learns that a defendant wishes to present exculpatory evidence or testify before a grand jury." *Trebus,* 189 Ariz. at 622, 944 P.2d at 1236. Because the supreme court's statements regarding the duty of the prosecutor are essential to our resolution of the issue, we quote the key portions at length.

> While the statute and rule make clear that the grand jury may but need not consider any evidence proffered by the defendant, they leave open the question of how the grand jury is to be informed that the defendant has evidence available or has requested to appear. Although the county attorney is not explicitly assigned the task of informing the grand jury that the defendant wishes to appear or submit exculpatory evidence, we have recognized that due

process may require the county attorney to do so, especially when requested.

. . . .

> Thus, by failing to inform the grand jury of the defendant's willingness to come forward, a prosecutor may effectively control the outcome of a given proceeding, thereby usurping the grand jury's role and depriving a defendant of the due process right to an independent grand jury.

. . . .

> The prosecutor, as an officer of the court as well as the lawyer for the state, is not just an adversary of the person under investigation. The interests of the prosecutor and the state are not limited to indictment but include serving the interests of justice; thus, the prosecutor's obligation to make a fair and impartial presentation to the jury has long been recognized. Our statutes and rules give the grand jury, not the prosecutor, the right and obligation to decide whether to hear a defendant or his exculpatory evidence. We therefore see nothing odd in requiring the prosecutor to tell the grand jury about possible exculpatory evidence. After all, if the exculpatory information had been provided by the police, the law requires that it be presented to the grand jury. Why should the rule be different when the prosecutor receives such information from a defendant?

> Given the power of the prosecutor in the grand jury system, the statutory right of the grand jury to decide whether to hear evidence from the defendant, and the defendant's right to request appearance before the grand jury, we hold the county attorney must inform the grand jury that the defendant has requested to appear or has submitted exculpatory evidence.

1. A.R.S. § 21–412 states, in relevant part:
   The grand jurors are under no duty to hear evidence at the request of the person under investigation, but may do so.... The grand jurors shall weigh all the evidence received by them and when they have reasonable ground to believe that other evidence, which is available, will explain away the contemplated charge, they may require the evidence to be produced.

2. Rule 12.6 states:
   A person under investigation by the grand jury may be compelled to appear or may be permitted to appear before the grand jury upon the person's written request. Such person shall be advised of the right to remain silent and the right to have counsel present to advise the person while he or she is giving testimony. If the person is accompanied by counsel before the grand jury, counsel shall not attempt to communicate with anyone other than his or her client. Any communication or attempted communication shall result in counsel's summary expulsion by the foreman from the grand jury session.

Without such a responsibility, A.R.S. § 21–412 and Rule 12.6 are rendered meaningless.

The grand jury is, of course, free to either grant or deny the defendant's request, but this choice is for the grand jury and not for the county attorney.

*Id.* at 623–25, 944 P.2d at 1237–39 (internal citations and footnote omitted).

¶ 10 Having defined the prosecutor's general duty, the supreme court then addressed whether that duty had been triggered by Trebus's letter. It found that it had not.

The letter from Trebus' lawyer is vague, does not refer to any specific exculpatory evidence, and is non-committal about Trebus' desire to testify before the grand jury. No evidence is described, no offer to testify is made. At oral argument in this matter, Trebus' lawyer still could not tell this court what evidence, other than credibility issues, Trebus wished to have the grand jury consider; nor was he yet sure whether Trebus would testify before the grand jury if given the opportunity. In short, we do not believe that the letter was sufficient to require the county attorney to inform the grand jury that Trebus wished to present evidence or testify. If we were to hold otherwise, we believe county attorneys might well be inundated with meaningless letters seeking to muddy the waters.

While we seek to preserve the function of the grand jury process, we do not wish to open the door to game-playing and meaningless posturing from either side. Under A.R.S. § 21–412 and Rule 12.6, the grand jury is to decide if it wishes to hear a defendant or his evidence. It can make an informed decision only if, on the one hand, the defendant's request provides information with some degree of detail, at least as to the subject and outline of the proposed evidence, and, on the other hand, if the prosecutor conveys that information to the grand jury. We believe the statute and rule contemplate both requirements. As we stated in [*State v. Superior Court (Mauro)*]:

[We have] not, and will not today, set out a mechanical test to be applied to find whether the state has complied with

due process requirements because "what is required to make a 'fair presentation' to the grand jury ... will vary from case to case." However, we think the guidelines set out today will more clearly define the prosecutor's duties before the grand jury.

139 Ariz. [422,] 424, 678 P.2d [1386,] 1388 [ (1984) ](citations omitted).

*Id.* at 625–26, 944 P.2d at 1239–40. Thus, the supreme court concluded that Trebus had not made a sufficiently detailed request to trigger the prosecutor's duty to either inform the grand jury of his vague request or outline his possible testimony.

¶ 11 Similarly, the State here argues that its duty to inform the grand jury of Black's request was not triggered because Black failed to detail his possible testimony. We disagree. Although Black did not provide any detail regarding his possible testimony, he did make an unequivocal request to appear and testify. We read *Trebus* as requiring the prosecutor to inform the grand jury of an unequivocal request to appear and testify. *Trebus* clearly stated that it was the prosecutor's duty to inform the grand jury of a defendant's offer to testify. In analyzing whether that duty had been triggered by Trebus's vague letter, the court discussed both the vagueness of the offer and the lack of detail concerning the possible testimony. We do not read this discussion as making the prosecutor's duty dependent on both an unequivocal offer and details of exculpatory testimony. The duty to inform the grand jury is triggered if either "the defendant has requested to appear *or* has submitted exculpatory evidence." 189 Ariz. at 625, 944 P.2d at 1239 (emphasis added).

¶ 12 The State contends that the discussion later in the *Trebus* opinion clarifies that a request to appear must be conveyed to the grand jury only if it is accompanied by details of the testimony to be offered. It particularly relies on the statement that the "county attorney is not obligated to present all exculpatory evidence to the grand jury absent a request by the grand jury, but must present only 'clearly exculpatory' evidence." *Id.*

¶ 13 We read this statement, however, as applying to evidence the prosecutor is obligated to present to the grand jury even if not requested, not to the defendant's offer to testify and present evidence. An unequivocal offer by a defendant to appear before the grand jury is distinct from any other proposed evidence. The defendant is uniquely situated to either "explain away the contemplated charge" or irrevocably incriminate himself. The grand jury is entitled to learn about such an offer. Of course, if the offer is not accompanied by any details the prosecutor may inform the grand jury of that fact, and the defendant should not be surprised if the grand jury chooses not to hear from him. Nevertheless, there may be cases in which the grand jury wishes or is willing to hear from a possible defendant even without knowing in advance what the testimony will be. A grand jury cannot make such a decision if it is unaware of the request.[3]

¶ 14 We recognize the State's concern that defendants may make a bare offer to appear simply, as described in *Trebus*, "to muddy the waters." *Id.* at 626, 944 P.2d at 1240. We cannot know, however, how willing defendants will be to waive the privilege against self-incrimination by appearing before a grand jury, or how often a grand jury will decide to hear from a willing defendant. In any event, the decision regarding whether to allow a defendant to appear should be made by the grand jury itself. That can happen only if the grand jury is informed of the offer.

¶ 15 Therefore, we hold that the prosecutor's duty to inform the grand jury that Black had requested in writing to appear and testify was triggered by Black's unequivocal written request. The prosecutor's failure to fulfill this duty would be sufficient grounds for granting the motion to remand.

¶ 16 That does not, however, end our analysis. "We review a trial court's decision to deny a motion to remand an indictment for an abuse of discretion." *Francis*, 222 Ariz. at 426, ¶ 10, 215 P.3d at 400.

Therefore, the specific issue before us is whether the trial court abused its discretion in denying the motion to remand. Moreover, our supreme court has applied harmless error analysis to the issue of presentation of a case to a grand jury. *Maretick v. Jarrett*, 204 Ariz. 194, 198–99, ¶ 15, 62 P.3d 120, 124–25 (2003). On these facts, we find no error.

¶ 17 First, although Black may have a valid defense to the charges against him, without his input it is difficult for us to conceive of any testimony by him that would "explain away the contemplated charge." A.R.S. § 21–412. A neighbor recognized Black when she discovered him in her home in the middle of the night; Black then gave a false name to the police. The elements of these offenses are not dependent on Black's intent or the reasonableness of his conduct. Black did not indicate to the trial court how his bare offer to testify would have influenced either the grand jury's decision to allow him to testify or its finding of probable cause. His petition in this Court is equally silent.

¶ 18 Second, the failure to inform the grand jury of Black's offer appears to have been inadvertent. The letter from Black's counsel simply did not make its way to the prosecutor presenting the case. Ideally, this would not happen, but we cannot conclude that the error automatically required a remand to the grand jury. If the failure to inform the grand jury was strategic or intentional, we might conclude otherwise. *See Trebus*, 189 Ariz. at 626, 944 P.2d at 1240 ("While we seek to preserve the function of the grand jury process, we do not wish to open the door to game-playing and meaningless posturing from either side.").

¶ 19 Therefore, although the grand jury was not informed of Black's offer to appear and testify, we cannot conclude that the trial court abused its discretion in denying the motion to remand to the grand jury.

## CONCLUSION

¶ 20 A prosecutor has a duty to inform the grand jury of an unequivocal offer to appear

---

**3.** Our interpretation of *Trebus* is bolstered by the fact that the separate opinions in that case also read the majority as defining the prosecutor's duty apart from the facts triggering that duty.

*See* 189 Ariz. at 626–27, 944 P.2d at 1240–41 (Toci, C.J., specially concurring, and Martone, J., dissenting in part and concurring in the judgment).

and give testimony. If the prosecutor fails to do so, the trial court may remand the case to the grand jury for a new determination of probable cause. In this case, we cannot conclude that the trial court abused its discretion in not doing so. Therefore, we accept jurisdiction, but deny the requested relief.

CONCURRING: PETER B. SWANN, Presiding Judge, and MAURICE PORTLEY, Judge.