NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS WALTER WASHBURN, *Petitioner*,

*v.*

THE HONORABLE TERESA A. SANDERS, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest*.

No. 1 CA-SA 14-0222

FILED 12-16-2014

Petition for Special Action from the Superior Court in Maricopa County
No. CR2014-102533-001
The Honorable Teresa A. Sanders, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Feder Law Offices, PA, Phoenix
By Bruce Feder

Law Office of Thomas M. Hoidal, PLC, Phoenix
By Thomas M. Hoidal
*Co-Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Robert Prather
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1        Thomas Washburn seeks special action relief from the superior court's denial of his motion to remand the indictment for redetermination of probable cause.  Because denial of a motion for remand is not subject to review on direct appeal, *see Francis v. Sanders,* 222 Ariz. 423, 426, ¶ 9, 215 P.3d 397, 400 (App. 2009), in an exercise of our discretion, we accept special action jurisdiction.  *See* Ariz. R.P. Spec. Act. 1(a).  For reasons that follow, we deny relief.

¶2        We review the denial of a motion to remand an indictment for an abuse of discretion.  *See Francis*, 222 Ariz. at 426, ¶ 10, 215 P.3d at 400.  In reviewing a trial court's order within the context of a special action, we defer to the trial court with regard to any findings of fact, explicitly or implicitly made, and we will not grant relief unless the judge committed an "error of law" in the process of reaching a discretionary conclusion.  *Id.*

¶3        A prosecutor must provide a grand jury with "a fair and impartial presentation of the evidence."  *Maretick v. Jarrett*, 204 Ariz. 194, 197, ¶ 8, 62 P.3d 120, 123 (2003).  The prosecutor need not present all exculpatory evidence, but must present "clearly exculpatory" evidence: "evidence of such weight that it might deter the grand jury from finding the existence of probable cause."  *Trebus v. Davis*, 189 Ariz. 621, 625, 944 P.2d 1235, 1239 (1997).  This may include evidence supporting a justification defense.  *See Herrell v. Sargeant*, 189 Ariz. 627, 631, 944 P.2d 1241, 1245 (1997).  Moreover, the prosecutor may not "deflect the grand jury from its inquiry."  *Maretick*, 204 Ariz. at 197, ¶ 10, 62 P.3d at 123.  Similarly, the prosecutor must properly instruct the grand jury on applicable law.  *Trebus*, 189 Ariz. at 623, 944 P.2d at 1237.  Although "the State has no obligation to anticipate every defense, . . . it does have an obligation to respond in an accurate fashion to grand jurors' questions concerning defenses."  *Francis*, 222 Ariz. at 427, ¶ 16, 215 P.3d at 401.

¶4        Here, the State charged Washburn, a kindergarten teacher, with one count of aggravated assault of a minor for allegedly removing a

student's shirt during class, leaving her naked above the waist for around ten minutes. After hearing testimony from an investigating detective, the grand jury found probable cause and returned an indictment.

¶5       Washburn argues that the prosecutor misled the grand jury by failing to present evidence that Washburn removed the shirt as a form of discipline. Even assuming such evidence could be considered clearly exculpatory, the State in fact presented such evidence. The detective testified that, according to the student's mother, Washburn related that the student "had not been looking at him, had been covering her face with her shirt, so he removed her shirt from her." Similarly, the detective explained that, according to a teacher's aide, several students had been covering their faces with their shirts earlier in the day and that Washburn had warned the kids to "stop doing that or I'll take your shirts from you" and, after returning the student's shirt, had admonished the class to "make sure that we wear our clothing properly."

¶6       Additionally, as the superior court found, the detective's response to a juror's inquiry whether "this [was] supposed to be a type of punishment for the child for not -- for covering her eyes with her shirt" apparently accurately related the mother's description that Washburn acted in response to the student covering her face and failing to look at him.

¶7       Washburn's reliance on *Francis* is unavailing. In that case, the prosecutor responded to a juror's question by misstating the elements of entrapment and deflecting the inquiry by stating "entrapment is an issue for the court to determine." *See* 222 Ariz. at 426, ¶ 11, 215 P.3d at 400. In contrast, in the instant case, there is no suggestion that the State presented false evidence or improperly deflected the grand jury's inquiry. *See Maretick*, 204 Ariz. at 197, ¶ 10, 62 P.3d at 123.

¶8       Washburn also argues the State improperly failed to instruct the grand jury on the justification defense for reasonable discipline. *See* A.R.S. § 13-403(1) ("A . . . teacher . . . entrusted with the care and supervision of a minor . . . may use reasonable and appropriate physical force upon the minor . . . when and to the extent reasonably necessary and appropriate to maintain discipline.").[1] Although the prosecutor did not reiterate this statute when presenting the charge to the grand jury, the justification statute had been read and provided to the grand jury only three weeks before. Additionally, although the State must accurately respond to grand

---

[1]       Absent material revisions after the relevant date, we cite a statute's current version.

jurors' questions about defenses, it need not anticipate possible defenses absent inquiry from the grand jury. *Francis*, 222 Ariz. at 427, ¶ 16, 215 P.3d at 401. Here, a juror asked a fact question about Washburn's motivations—to which the witness provided an accurate response—but no grand juror pursued a legal inquiry regarding possible justification.

**¶9**        Accordingly, we accept jurisdiction but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama