NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE MICHAEL BLAIR, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

BRENDON ROBERT TAVERAS, *Real Party in Interest*.

No. 1 CA-SA 21-0188
FILED 11-2-2021

Petition for Special Action from the Superior Court in Maricopa County
No. CR2021-001288-001
The Honorable Michael C. Blair, Judge

**JURISDICTION ACCEPTED/RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Petitioner*

DM Cantor, Phoenix
By Courtney R. Sullivan and David M. Cantor
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        The State asks this court to vacate the superior court's order remanding the first-degree murder charge against Brendon Robert Taveras to the grand jury. We accept special action jurisdiction because the State does not have an available remedy by appeal. We conclude that the superior court abused its discretion by weighing the evidence presented to the grand jury and reject Taveras's claim that he was denied a substantial procedural right. As a result, we vacate the superior court's order and remand the case to the superior court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Taveras allegedly shot and killed Frankie Castro Jr. Witnesses in the area heard multiple gunshots and saw a truck veer off the road and hit a pole. The witnesses pulled Castro out of the truck before it burst into flames, but he later died at the hospital from several gunshot wounds.

¶3        Police found surveillance footage of Castro's truck and a white Toyota. The Toyota sped away after Castro hit the pole. Eventually, Taveras went to the police department in the Toyota and claimed he shot Castro in a life-or-death situation. After obtaining a search warrant, the police found an AK-47 in Taveras's home.

¶4        The State first presented its case to a grand jury in March 2019. The grand jurors returned an indictment against Taveras for second-degree murder and drive-by shooting. Taveras declined the grand jury's request to hear from him before the indictment. After obtaining the indictment, the State conducted further investigation, including ballistics, an autopsy, and crime scene examination.

¶5        After its investigation, the State again presented its case to a grand jury. The new grand jury returned an indictment against Taveras for first-degree murder, drive-by shooting, unlawful discharge of a firearm, and criminal damage. The State provided to the grand jurors all applicable

statutes and the definition of premeditation according to *State v. Thompson*, 204 Ariz. 471, 479–80, ¶ 32 (2003).[1]

¶6        The State presented evidence in support of the four charges. There were bullet holes in the truck. Castro was shot in the back of the head and knee. He had bullet-graze wounds on his abdomen and thigh. The AK-47 found at Taveras's home matched a casing found at the crime scene. A machete was found in the road, and Castro was known to keep a machete in his truck. The State also relayed facts as alleged by Taveras in a letter provided by his attorney.

¶7        Taveras moved to dismiss or in the alternative to remand to the grand jury for a new determination of probable cause, arguing that the State failed to read A.R.S. §§ 13-404, -405, and -411 and that the information presented did not support an indictment for first-degree murder. The State responded that there was no due process violation because the jurors were presented with the applicable statutes and Taveras's version of the events. Taveras replied that the grand jury was not correctly instructed on the law, there was no evidence of premeditation presented, and more exculpatory information should have been introduced.

¶8        The superior court issued a minute entry "granting the motion to remand to [the] grand jury to present evidence of premeditation, if any, to support [a] charge of first degree murder." The State moved for the court to reconsider, but the court declined. The State then petitioned for special action review asking this court to vacate the remand order.

**DISCUSSION**

¶9        "Special action jurisdiction is proper when a party has no 'equally plain, speedy, and adequate remedy by appeal[.]'" *Phillips v. Garcia*, 237 Ariz. 407, 410, ¶ 6 (App. 2015) (quoting Ariz. R.P. Spec. Act. 1(a)). A party generally may not challenge a grand jury's probable cause determination on direct appeal. *State v. Moody*, 208 Ariz. 424, 439–40, ¶ 31

---

[1]        A.R.S. § 13-1101(1) provides:

"Premeditation" means that the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

(2004). Because the State does not have an adequate remedy by appeal, we grant special action jurisdiction.

**¶10**     This Court must find that the superior court abused its discretion or exceeded its jurisdiction or legal authority to grant relief. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 253–54, ¶ 10 (2003); Ariz. R.P. Spec. Act. 3. When a judge commits an error of law in reaching a discretionary conclusion, discretion has been abused. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56 (1982).

**A.      The Superior Court Erred by Weighing the Evidence Presented to the Grand Jury.**

**¶11**     Grand jury indictments are based on probable cause. A.R.S. § 21-413; Ariz. R. Crim. P. 12.1(d)(4). The purpose of a grand jury is to determine "whether probable cause exists to believe that a crime has been committed and that the individual being investigated was the one who committed it." *State v. Baumann*, 125 Ariz. 404, 408 (1980). "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *State ex rel. Preimsberg v. Rosenblatt*, 112 Ariz. 461, 462 (1975). Grand jurors must have the power to weigh the evidence themselves to fulfill their role in our criminal justice system. *Costello v. United States*, 350 U.S. 359, 362–64 (1956). ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.").

**¶12**     Trial judges should not weigh the evidence that a grand jury has already considered. *State ex rel. Collins v. Kamin*, 151 Ariz. 70, 72 (1986). A trial court is prohibited "from considering an attack on an indictment based on the nature, weight or sufficiency of the evidence presented to the grand jury." *Crimmins v. Superior Court*, 137 Ariz. 39, 42–43 (1983). A judge errs when remanding a case for a finding of probable cause for the sufficiency of the evidence because a judge cannot examine "the quantity and quality of evidence before the grand jury. By weighing the evidence presented to the grand jury, [a judge] engage[s] in a procedure beyond a trial court's authority." *Collins*, 151 Ariz. at 71–72.

**¶13**     Based on these principles, Rule 12.9(a) provides that a defendant may challenge a grand jury proceeding only if "the defendant was denied a substantial procedural right or that an insufficient number of qualified grand jurors concurred in the indictment." No other grounds are available to challenge an indictment. *Id.*

¶14　　　　The grand jury found probable cause that Taveras committed the first-degree murder of Castro either by premeditation or felony murder. Taveras's motion to dismiss made two arguments. First, the State failed to present Taveras's letter verbatim and other exculpatory information. And second, the State's presentation to the grand jury was incomplete and did not support an indictment for first-degree murder. The superior court granted the motion based on the second argument and remanded for the State to "present evidence of premeditation, if any, to support [a] charge of first degree murder."

¶15　　　　By remanding the case for a new finding of probable cause about premeditation, the judge weighed the quantity and quality of the evidence in violation of the superior court's legal authority. Taveras argues that the court could not have considered the evidence supporting an indictment of premeditated murder because there was no evidence presented to support premeditation. But while the evidence may have been circumstantial, there was some evidence of premeditation. After all, premeditation only requires enough time to permit reflection. A.R.S. § 13-1105(1); *Thompson*, 204 Ariz. at 479–80, ¶ 32.

¶16　　　　There were bullet holes in the truck, and Castro had several gunshot wounds. The AK-47 found at Taveras's home matched the casing found at the crime scene. There was no damage to Taveras's car, and there was no indication from the surveillance footage that he stopped driving at any point. Based on this evidence, the grand jury could infer that while driving, Taveras rolled down his window, aimed an assault rifle, and shot Castro multiple times. There was sufficient evidence for a grand jury to conclude that Taveras had the opportunity to reflect on his actions in this situation.

¶17　　　　Likewise, the fact that the first grand jury indicted Taveras on a charge of second-degree murder in 2019 does not mean that there was insufficient evidence in 2021 for a grand jury to find probable cause of premeditated first-degree murder.

¶18　　　　The superior court erred as a matter of law and by so doing abused its discretion in granting Taveras's motion to remand.

**B.　　　　The Grand Jury Presentation Was Fair and Did Not Deny Taveras a Substantial Procedural Right.**

¶19　　　　Although not mentioned by the court's order, Taveras's original motion and response to the special action claim he was denied

5

procedural rights about exculpatory evidence and the letter he sent to be read to the grand jury. This claim lacks merit.

**¶20**　　　A "prosecutor always has the duty to inform the grand jury of clearly exculpatory evidence, even if a defendant has not requested to appear or asked for information to be presented." *Bashir v. Pineda*, 226 Ariz. 351, 355, ¶ 12 (App. 2011). If the State fails to share clearly exculpatory evidence with the grand jury, this could constitute a denial of a procedural right to the defendant under Arizona Rule of Criminal Procedural 12.9. *See generally*, *Trebus v. Davis*, 189 Ariz. 621 (1997) (due process requires a fair presentation to the grand jury, which may require a presentation of clearly exculpatory evidence).

**¶21**　　　Taveras argues that *Trebus* and *Bashir* require the State to read a defendant's letter to the grand jury verbatim. These cases held that if a defendant provides "'some degree of detail, at least as to the subject and outline of the proposed evidence,' the prosecutor has a duty to 'convey[] that information to the grand jury.'" *Bashir*, 226 Ariz. at 354, ¶ 10 (quoting *Trebus*, 189 Ariz. at 626).

**¶22**　　　In *Bashir*, the defendant wished to testify before the grand jury and requested that the State present the evidence from a letter she wrote. *Bashir*, 226 Ariz. at 353, ¶ 3. The grand jury did not want to hear from the defendant. *Id.* at 353, ¶ 4. The State also did not tell the grand jury that there was a letter or relay any of the evidence in it before the grand jury made its decision. *Id.* The court held that

> if a defendant has requested to appear and provided some detail of the proposed testimony and evidence, a prosecutor has a duty to convey that information to the grand jury in a fair and impartial manner so that it may make an informed decision. Failure to do so removes the choice from the grand jury and justifies remanding the indictment.

*Id.* at 355, ¶ 16.

**¶23**　　　Along with exculpatory evidence, the State must educate the grand jury on relevant statutes and provide accurate information. *Crimmins*, 137 Ariz. at 42–43. In *Crimmins*, the inaccurate testimony and the omission of applicable statutes "rendered the presentation of [the] case less than fair and impartial." *Id.* at 42. That case was remanded for a new finding of probable cause. *Id.* at 43.

**¶24**       In this case, the State read the substance of Taveras's letter to the grand jury, which satisfies the standard from both *Trebus* and *Bashir*. Nowhere in either decision does the court require the State to read a defendant's letter verbatim, as Taveras argues. The State informed the grand jury that Taveras told police that he "acted in self-defense and that it was a matter of life or death." The State directed the jurors to the specific statutes listed in Taveras's letter. The criminal statutes had been provided to the jurors. The *Thompson* premeditation definition was read to the jurors. The State also presented testimony about the machete and that Castro was known to keep one in his truck.

**¶25**       Taveras argues that Castro's alleged anger issues were not included in the grand jury presentation. But this evidence was not included in Taveras's letter, nor is it clearly exculpatory.

**¶26**       Taveras had a chance to testify before the grand jury, but he declined to do so. The State conveyed the substance of his letter to the grand jury and provided all the applicable statutes. Taveras was not deprived of a substantial procedural right. Thus, we find no basis to remand this case to the grand jury under Rule 12.9.

## CONCLUSION

**¶27**       We vacate the superior court's order remanding the case to the grand jury.



AMY M. WOOD • Clerk of the Court
FILED: AA

7