NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BENJAMIN JAMES MCRAE, *Petitioner*

*v.*

THE HONORABLE TERESA A. SANDERS,
Judge of the SUPERIOR COURT OF THE
STATE OF ARIZONA, in and for the County of Maricopa,
*Respondent Judge,*

STATE OF ARIZONA, ex rel. WILLIAM MONTGOMERY,
Maricopa County Attorney,
*Real Party in Interest.*

No. 1 CA-SA 14-0205
FILED 12-02-2014

Petition for Special Action from the Superior Court in Maricopa County
No. CR2014-001532-001
The Honorable Teresa A. Sanders, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

William Foreman, P.C., Scottsdale
By William Foreman
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1        In this special action, Benjamin James McRae challenges the superior court's denial of his motion to remand the indictment for a new determination of probable cause.  For the reasons that follow, we accept jurisdiction, but deny relief.

## BACKGROUND

¶2        In April 2014, a grand jury convened to consider evidence regarding the State's allegations that McRae committed one count of fraudulent schemes and artifices, one count of theft, and one count of false reporting to a law enforcement agency.  The State presented testimony that McRae incurred credit card ("American Express") charges at an adult entertainment establishment ("Dream Palace"), then several weeks later, reported to law enforcement that the credit card had been stolen and the charges were incurred by someone else.

¶3        Guy Milanovits, a detective with Scottsdale Police Department's Financial Crimes Unit, testified and responded to the prosecutor's questions by explaining that he did not investigate the case, but had reviewed the reports prepared by the investigating officers.  Based on his review of the reports, Detective Milanovits testified that on the evening of July 17, 2013, someone used a credit card in the name of Benjamin James McRae to purchase "drinks and entertainment from young women" at Dream Palace.  Detective Milanovits stated that the credit card charges incurred that evening totaled over $24,000.  He further reported that the credit card company paid the bill, but McCrae did not pay the credit card company.

¶4        On August 20, 2013, McRae reported to police that his credit card had been stolen and misused by another person.  Police officers who investigated the claimed theft discovered video recordings and fingerprints on receipts taken by Dream Palace management that demonstrated McRae was the individual who incurred the charges on the credit card.

**¶5**　　　　Following his responses to the prosecutor's questions, Detective Milanovits responded to juror questions. One juror questioned the nature of the services rendered and the detective responded, "alcohol and entertainment." Another juror inquired regarding the credit limit on the card and the detective affirmed that the credit card had a credit limit of $25,000 or greater. The grand jury returned a true bill charging McRae with one count of fraudulent schemes and artifices, one count of theft, and one count of false reporting to a law enforcement agency.

**¶6**　　　　McCrae subsequently filed a motion for remand to the grand jury for a new probable cause determination. He argued he had been denied a substantial procedural right and fundamental fairness "by the admission of patently false factual testimony." After considering the parties' memoranda and hearing oral argument, the superior court denied McRae's motion, finding that the inaccurate information presented by the State "would not have deterred the grand jury from finding probable cause" and that McRae was not denied a "substantial procedural right." McRae then filed this petition for special action.

## DISCUSSION

**¶7**　　　　McRae argues the superior court erred by denying his motion to remand because the testifying officer presented misleading testimony and the State failed to present exculpatory evidence. "A challenge to the denial of a motion for remand generally must be made by special action before trial, and is not reviewable on direct appeal." *Francis v. Sanders*, 222 Ariz. 423, 426, ¶ 9, 215 P.3d 397, 400 (App. 2009). In the exercise of our discretion, we accept special action jurisdiction.

**¶8**　　　　"The function of the grand jury is to investigate whether there is probable cause to believe that a crime was committed and whether the person under investigation committed the crime." *State v. Superior Court (Smith)*, 186 Ariz. 143, 144, 920 P.2d 23, 24 (App. 1996). In a grand jury proceeding, the prosecutor is charged with fairly and impartially presenting the evidence. *Francis*, 222 Ariz. at 426-27, ¶ 12, 215 P.3d at 400-01. "The prosecutor need not provide all exculpatory evidence to the grand jury, but must present 'clearly exculpatory' evidence." *Id*. "Clearly exculpatory evidence is evidence of such weight that it would deter the grand jury from finding the existence of probable cause." *State v. Superior Court (Mauro)*, 139 Ariz. 422, 425, 678 P.2d 1386, 1389 (1984).

**¶9**　　　　"Remand of an indictment is appropriate only when the defendant is denied a substantial procedural right." *Smith*, 186 Ariz. at 144,

920 P.2d at 24. A defendant is denied a substantial procedural right when false evidence presented to the grand jury is the basis for the probable cause finding; however, remand is not appropriate when incorrect information is presented but it is immaterial to the indictment. *Nelson v. Roylston*, 137 Ariz. 272, 276, 669 P.2d 1349, 1353 (App. 1983); *State v. Jacobson*, 22 Ariz. App. 128, 130, 524 P.2d 962, 964 (1974). "A statement is material if it could have affected the course or outcome of a proceeding." *State v. Moody*, 208 Ariz. 424, 440, ¶ 35, 94 P.3d 1119, 1135 (2004) (citations omitted). We review a superior court's denial of a motion to remand an indictment for an abuse of discretion. *Francis*, 222 Ariz. at 426, ¶ 10, 215 P.3d at 400.

**¶10** McRae contends that Detective Milanovits presented false testimony by stating that (1) McRae purchased alcohol, when in fact Dream Palace does not possess a liquor license and management denies that it serves alcohol to patrons; (2) the American Express card had a credit limit of $25,000 or greater when in reality the credit limit on the card was $5000; and (3) the amount at issue was over $24,000 when in fact the only amount at issue on the American Express card was a chargeback for $4,325.01.[1] McRae also asserts the State violated its duty to present exculpatory evidence by failing to inform the jury that Dream Palace received full payment for the charges incurred on the Wells Fargo credit cards and that Dream Palace has a "Full Recourse Agreement" with American Express that requires Dream Palace to accept a chargeback should a cardholder withdraw consent to a previously authorized purchase.

**¶11** To determine whether any of these alleged inaccuracies or omissions is material, we look to the elements of the crimes charged. The elements of fraudulent schemes and artifices are that a person, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions. Arizona Revised Statutes ("A.R.S.") section 13-2310(A). The elements of theft are that a person knowingly obtains services or property of another (with a value of $4000 or more but less than $25,000) by means of any material misrepresentation with intent to deprive the other person of such property or services. A.R.S. § 13-1802(A)(3). Finally, the elements for false reporting to a law enforcement agency are knowingly making a

---

[1] It is undisputed that two Wells Fargo-issued credit cards, one in McRae's name and the other in the name of his mother, were also used at Dream Palace on the evening of July 17, 2013 and the combined charges on all three credit cards exceeded $25,000. Nonetheless, no evidence relating to the Wells Fargo cards was presented to the grand jury.

false report or knowingly misrepresenting a fact for the purpose of misleading a peace officer. A.R.S. § 13-2907.01(A).

¶12        As argued by the State, none of the elements of these offenses relates to the alleged inaccuracies in the evidence presented to the grand jury. It is immaterial whether McRae purchased alcoholic or non-alcoholic beverages. It is also immaterial whether the credit limit on the American Express credit card was $5000 or $25,000. Although the value of the property or services obtained by misrepresentation is relevant to the theft charge, McRae was charged only with a class three felony, and the actual amount of property and services at issue on the American Express card, $4,325.01, fell within the statutory range for that charge. Likewise, none of the alleged omissions are material to the charges. No evidence of the Wells Fargo credit card charges was presented to the grand jury, so exculpatory evidence regarding their payment was irrelevant. Additionally, that American Express entered a contract limiting its liability exposure to Dream Palace does not serve to exculpate McRae, but rather it merely defines the relationship of those parties.

¶13        Contrary to McRae's report that his credit cards were stolen and other individuals used them to incur charges at Dream Palace, the material evidence presented by the State reflects that both video surveillance and receipt fingerprints demonstrate McRae was the individual who incurred the charges. Because substantial evidence supports the finding of probable cause, none of the alleged inaccurate statements or omissions could reasonably have affected the grand jury's determination of probable cause and therefore McRae was not denied a substantial procedural right. *See Black v. Coker*, 226 Ariz. 335, 340, ¶ 16, 247 P.3d 1005, 1010 (App. 2011) (applying harmless error analysis to the issue of presentation of inaccurate information to a grand jury); *Maretick v. Jarrett*, 204 Ariz. 194, 198-99, ¶ 15, 62 P.3d 120, 124-25 (2003) (same).

## CONCLUSION

¶14 Based on the foregoing, the superior court did not abuse its discretion in denying McRae's motion to remand. We therefore deny the relief requested in this special action.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh